Richard A. WYBIERALA (Poor Richard's, Inc. and Haul A Way Systems, Inc.), Relator,

v.

COMMISSIONER OF REVENUE, Respondent.

No. CX–98–624.

Supreme Court of Minnesota.

Dec. 31, 1998.

Rehearing Denied Feb. 1, 1999.

Jay B. Kelly, St. Paul, for appellant.

Hubert H. Humphrey, Attorney General, Thomas K. Overton, Assistant Attorney General, St. Paul, for respondent.

## OPINION

RUSSELL A. ANDERSON, Justice.

Relator, Richard A. Wybierala, appeals a tax court judgment modifying and affirming an order of the commissioner of the Minnesota Department of Revenue assessing personal liability against Wybierala for sales and use taxes, interest, and penalties. We affirm the judgment of the tax court.

Wybierala controlled and managed Poor Richard's, Inc. and Haul A Way Systems, Inc., waste management corporations that collected, sorted and disposed of waste at their waste transfer facility. In 1994, the commissioner conducted a sales tax audit of these corporations for the period from January 1, 1989 to March 1994. The commissioner suspected that Poor Richard's and Haul A Way were charging some of their customers sales tax for dumping waste at the waste transfer facility and that they were not remitting the revenue to the state.

According to the commissioner, Wybierala initially told auditors that a sales tax had been added to waste collection management fees, and that this tax had been remitted to the state. After an exhaustive search of Department of Revenue records revealed that Poor Richard's and Haul A Way had not filed sales tax returns with the state, Wybier-

ala told the auditors that he had collected a "surcharge," not a sales tax. According to Wybierala, the "surcharge" was for sorting and separating waste materials. According to one of Wybierala's employees, the "surcharge" was to cover increased statutory solid waste fees.

In order to determine if Poor Richard's and Haul A Way had collected a sales tax, the auditors requested all of the corporations' sales invoices. However, Wybierala only provided some of the requested invoices. After completion of the on-site audit in 1995, a fire destroyed the remaining records. Some of the invoices that Wybierala provided to the auditors separately stated that a "tax" had been charged. On other invoices an identical charge was included in the total bill, without being separately stated as a "tax." One Haul A Way invoice dated January 19, 1990, included the notation, "effective 1–1–90 6% TAX." In addition, a sign was displayed in the business office of the corporations' transfer facility indicating that a tax would be charged. The audit also disclosed that from January 1, 1990 to July 1, 1991, a 6 percent charge was added to some of the waste collection service fees, and after July 1, 1991, a 6.5 percent charge was added to some of the waste collection service fees. Coincidentally, the state imposed a 6 percent sales tax from January 1, 1990 to July 1, 1991, and on July 1, 1991, state law allowed counties to charge an additional 0.5 percent sales tax. *See* Minn.Stat. §§ 297A.02 (1991) and 297A.021 (1991).

The auditors concluded that a sales tax had been added to waste collection service

fees charged to some customers for dumping residential and commercial waste at the waste transfer facility and that Poor Richard's and Haul A Way had not remitted the sales tax revenue to the state. The auditors also concluded that Poor Richard's and Haul A Way had purchased merchandise and services without paying sales tax but this matter has been settled and is not before us.[1]

From the invoices that were provided by Wybierala, the auditors used a statistical method to project the total "sales tax" that had been collected, taking into account that some customers were not charged the tax and that some of the sales were exempt from sales tax. Because sufficient records were not supplied for taxable years 1989, 1994, and 1995, the auditors used statistics from 1990 through 1993 to project an assessment of sales taxes collected in taxable years 1989, 1994 and 1995.

From the audit, the commissioner determined that Poor Richard's owed the state $707,404.27 in sales and use tax, penalties, and interest, and that Haul A Way owed the state $495,240.42 in sales and use tax, penalties, and interest. The commissioner assessed these amounts, which totaled $1,202,644.69, against Wybierala personally.[2] Because Wybierala had begun withdrawing funds from an investment account, the commissioner believed that collection of the assessment was in jeopardy and therefore collected it by levy. Wybierala appealed the commissioner's assessment to the tax court, seeking a refund.

Based upon the documentary evidence[3] that Wybierala introduced at trial, the tax

1. In 1985, Poor Richard's was granted a Resource Recovery Facility Exemption Certificate that exempted the company from paying sales tax for purchases of equipment used in the processing of solid or hazardous waste. Haul A Way did not have a Resource Recovery Facility Exemption Certificate. The auditors discovered that both Poor Richard's and Haul A Way had .abused Poor Richards' certificate by purchasing Cadillac parts, flags, flowers, maple trees, hardware items, cleaning supplies, and even vehicle towing services without paying sales tax. Before trial to the tax court, a settlement was reached on the use tax portion of the commissioner's assessment. According to the terms of the settlement, both parties agreed that $13,670.47 of the amount collected constituted an overpayment of the use tax, penalties and interest due on pur-

chases made by Poor Richard's, and that $19,-627.42 of the amount collected constituted an overpayment of the use tax, penalties and interest due on purchases made by Haul A Way. This settlement agreement is reflected in the judgment of the tax court and, thus, the issue as to whether the commissioner's assessment of the use tax was incorrect or invalid is not before us.

2. While Wybierala denies that a tax is owed, he admits personal liability for any tax, penalties and interest owed by Poor Richard's or Haul A Way.

3. First, Wybierala produced tax exemption certificates from several of the haulers his companies were accused of charging sales tax. By law,

court reduced the commissioner's assessment of sales tax to Poor Richard's and Haul A Way accordingly. Wybierala appeals from the tax court's judgment, contending that he is entitled to further reduction of the commissioner's sales tax assessment. He argues that the tax court erred when: (1) it failed to place the burden of proving the need for the jeopardy collection and the accuracy of the assessment on the commissioner; (2) it failed to find that the commissioner's assessment was excessive; and (3) it failed to find that the fraud penalty was improper and invalid.

We conclude that: (1) Wybierala waived his right to appeal the commissioner's jeopardy collection of the tax assessments, interest, and penalties; (2) Wybierala had the burden of proving that the commissioner's tax assessment was incorrect or invalid, and, except for the modifications by the tax court of the commissioner's tax assessments, Wybierala failed to prove that the commissioner's tax assessments were incorrect or invalid; and (3) Wybierala had the burden of proving that the fraud penalty imposed by the commissioner was improper and invalid and failed to do so.

## I.

■■■ Decisions of the tax court may be reviewed by this court if the order of the tax court is not justified by the evidence or is not in conformity with law. *See* Minn.Stat. § 271.10, subd. 1 (1996). In reviewing the tax court's findings of fact, this court determines whether sufficient evidence exists to support the tax court's decision. *See Carlson v. Commissioner of Revenue,* 517 N.W.2d 48,

51 (Minn.1994). This court reviews issues of law de novo. *See Green Giant Co. v. Commissioner of Revenue,* 534 N.W.2d 710, 711 (Minn.1995).

## II.

■■■ The burden of demonstrating that a commissioner's assessment is incorrect or invalid is on the taxpayer. *See* Minn.Stat. §§ 270.274, subd. 3 (1996), 270.68, subd. 3 (1996), 289A.37, subd. 3 (1996); *F–D Oil Co. v. Commissioner of Revenue,* 560 N.W.2d 701, 704 (Minn.1997) (stating that "the burden of demonstrating the incorrectness or invalidity of the commissioner's assessments" is on the taxpayer). Wybierala argues, however, that because the commissioner collected the assessment using the "jeopardy" process, the tax court should have placed both the burden of justifying a jeopardy collection, and the burden of proving the accuracy of the assessment, on the commissioner.

A taxpayer such as Wybierala has two distinct appeals in a case in which the commissioner makes an assessment and then proceeds to collect it by levy using the jeopardy process. The first, which Wybierala has done here, is an appeal of a normal, order assessment[4] in which the issue is whether the assessment is accurate and in which the burden of proof is on the taxpayer. *See* Minn.Stat. § 271.06 (1996).

The second type of appeal is an appeal of a jeopardy assessment[5] and/or jeopardy collection. *See* Minn.Stat. § 270.274. An appeal pursuant to Minn.Stat. § 270.274 is intended to assure that the commissioner does not use the jeopardy process to demand and collect

---

such haulers were exempt from sales tax. Second, Wybierala produced evidence that several of the invoices which were used to calculate the sales tax assessment were in fact payments for the sale of routes and were therefore not subject to tax. Third, Wybierala produced evidence that the invoices pertaining to licensed hazardous waste companies and the Veterans Administration were not subject to sales tax. And finally, Wybierala produced evidence that the invoices pertaining to RailWaste, Inc., were not subject to sales tax because Poor Richard's performed nontaxable loading services for that entity.

**4.** A normal, order assessment is made after "reasonable examinations or investigations of a taxpayer's place of business, tangible personal prop-

erty, equipment, computer systems and facilities, pertinent books, records, papers, vouchers, computer printouts, accounts, and documents." Minn.Stat. § 289A.36, subd. 1 (1996).

**5.** A jeopardy assessment is made without a reasonable examination or investigation when the commissioner believes that the collection of the assessment is in jeopardy. *See* Minn.Stat. § 270.70, subd. 2(b) (1996) (stating that "if the commissioner has reason to believe that collection of the tax is in jeopardy, notice and demand for immediate payment of the tax may be made. If the tax is not paid, the commissioner may proceed to collect by levy or by filing a lien under section 270.69.").

money from a taxpayer without a verifiable reason. *See id.* at subd. 2 (stating that if "the amount assessed or demanded is inappropriate, the court may order the commissioner to release the levy, abate the assessment, redetermine in whole or in part the amount assessed or demanded, or take other action."). The jeopardy process is also intended to resolve promptly any dispute over the appropriateness of a jeopardy assessment or jeopardy collection. *See id.* (stating that the appeal must be "expeditiously heard."). The first step under section 270.274 is to appeal the jeopardy assessment or jeopardy collection to the commissioner. *See id.* at subd. 1. The commissioner then must determine whether the jeopardy assessment or jeopardy collection was reasonable and whether the amount assessed or demanded in the jeopardy assessment or jeopardy collection was appropriate under the circumstances. *See id.* This written determination by the commissioner may then be appealed to the tax court. *See id.* at subd. 2. The burden of proving that the assessment or collection was jeopardized by delay is on the commissioner but the burden remains on the taxpayer to show that the amount assessed or demanded through the jeopardy process was incorrect or invalid. *See id.* at subd. 3 (stating that the commissioner must merely provide "a written statement explaining the basis for determining the amount, and the burden is on the taxpayer to prove the amount is incorrect or invalid.").

Wybierala appealed the commissioner's assessment[6] pursuant to Minn.Stat. § 271.06 but did not appeal the commissioner's jeopardy collection as allowed by Minn. Stat. § 270.274. In his brief to this court Wybierala explained that he did not appeal the jeopardy collection in accordance with the procedures set forth in Minn.Stat. § 270.274 because an "administrative review would be a useless act and futile, [and] judicial review is the only viable alternative." His argument is unpersuasive. The procedures for appealing a jeopardy assessment or jeopardy collection ensure that the commissioner has the opportunity to explain the

jeopardy assessment and jeopardy collection, before appeal to the tax court for expeditious determination. Wybierala failed to assert his rights as required by Minn.Stat. § 270.274, subd. 1, and the commissioner had no opportunity to explain in writing the jeopardy collection so as to permit meaningful review by the tax court. Therefore, we conclude that Wybierala waived his right to appeal the appropriateness of the jeopardy collection.

### III.

Wybierala next argues that the commissioner's assessment was excessive because: (1) the commissioner used too high a percentage of gross receipts in calculating the assessment and the tax court ignored Wybierala's argument that the type of waste services performed by Poor Richard's and Haul A Way were not subject to sales tax; and (2) the testimony of Wybierala and one of his former employees supports his argument that the tax was indeed a surcharge.

■ The "commissioner's tax assessments are presumed to be valid and correctly determined and relators have the burden of demonstrating the incorrectness or invalidity of the commissioner's assessments." *See F–D Oil Co.,* 560 N.W.2d at 704 (citing Minn.Stat. §§ 270.68, subd. 3, 289A.37, subd. 3). Based upon documentary evidence, the tax court reduced the commissioner's assessment of sales tax to Poor Richard's from $238,760.52 to $182,654.52 and to Haul A Way from $193,838.04 to $176,492.70. However, the tax court affirmed the remainder of the assessment and the fines and penalties that were attached.

■ This court will reverse the tax court's factual findings only if, "upon reviewing the entire evidence, it is left with a firm conviction that a mistake has been made." *Montgomery Ward & Co. v. County of Hennepin,* 482 N.W.2d 785, 788 (Minn.1992) (citation omitted). All gross receipts are presumed to be subject to sales tax and the relator has the burden of proving that a sale

---

6. The assessment in this case was clearly a normal, order assessment made after a thorough audit.

is not a sale at retail. *See* Minn.Stat. § 297A.09 (1996). To prove a sale was not a sale at retail, the relator must present an exemption certificate from the purchaser or be exempt in some other way. *See id.* Therefore, once the auditors determined that Poor Richard's and Haul A Way had charged customers sales tax, they had the right to proceed under the presumption that all gross receipts from these corporations were subject to sales tax. *See id.* After Wybierala presented the auditors with some exemption certificates, and the auditors determined that Poor Richard's and Haul A Way were exempt in other ways, the portion of gross receipts used in calculating the assessment was reduced.

■ Wybierala now argues that the commissioner used too high a percentage of gross receipts in calculating the assessment. Wybierala argues that the sales tax applies only to mixed municipal solid waste collection and disposal services and that his business almost exclusively handled waste that was exempted from the definition of mixed municipal solid waste. *See* Minn.Stat. § 297A.45, subd. 3(c)(1995), repealed by Laws 1997, ch. 231, art. 13, 20. The only evidence that supports this argument is Wybierala's own testimony, which the tax court found "confusing, evasive and argumentative." The "tax court is in the best position to assess the credibility and sincerity of witnesses," and in this case concluded that Wybierala was not credible. *See F–D Oil Co.,* 560 N.W.2d at 706 (citing *Manthey v. Commissioner of Revenue,* 468 N.W.2d 548, 550 (Minn.1991)). There is no error in the tax court's determination. The only credible evidence Wybierala presented was additional exemption certificates from various collectors and the tax court properly used these exemption certificates to reduce the assessment.

■ Wybierala also argues that the tax court disregarded his testimony and the testimony of a former employee, which he contends establishes that the purported tax was indeed a surcharge. Both Wybierala and his former employee testified that the alleged "tax" was instead a surcharge to cover increased costs, that the surcharge just happened to be the same as the percentage the

state charged for sales tax, and that the surcharge allowed the companies to increase revenues without having to raise their advertised rates. Wybierala produced no other records or evidence to prove his assertions. The tax court stated that it did "not believe the testimony of [Wybierala and his former employee] that the charge was not a tax," and there is no error in this determination. *See id.* The tax court relied on the only evidence it found credible, the documentary evidence, and reduced the tax assessment accordingly. Except for the modifications made by the tax court, Wybierala has failed to meet his burden of proving that the assessment was inaccurate.

IV.

■ Wybierala next argues that there was no basis for the fraud penalty. We disagree. An entity that "files a false or fraudulent return, or attempts in any manner to evade or defeat a tax or payment of tax" shall pay a fraud penalty equal to 50 percent of the tax. Minn.Stat. § 289A.60, subd. 6 (1996). The taxpayer bears the burden of proving that a fraud penalty is improper. *See F–D Oil Co.,* 560 N.W.2d at 708.

Wybierala has failed to prove that the fraud penalty was improper. It is clear that: (1) both Poor Richard's and Haul A Way charged customers sales tax without filing sales tax returns; (2) both Poor Richard's and Haul A Way failed to cooperate with the commissioner by either withholding documents or by failing to keep adequate records; (3) both Poor Richard's and Haul A Way attempted to evade tax by describing what is clearly a sales tax as a "surcharge"; (4) Poor Richard's abused a purchase exemption certificate by claiming an exemption from sales tax for purchases of items that were not to be used in the processing of solid or hazardous waste; and (5) although Haul A Way did not have a purchase exemption certificate of its own, the audit report lists dozens of items purchased by Haul A Way without payment of tax. These facts, coupled with Wybierala's evasive and conflicting testimony, indicate an intent to evade remittance of collected sales

tax. The fraud penalty was therefore justified.

Affirmed.