STATE OF MINNESOTA

IN SUPREME COURT

A25-1191

Tax Court                                                                    Moore, III, J.
                                                        Took no part, Hudson, C.J.

PASCP Inc.,

                    Relator,

                                                                    Filed: June 3, 2026
vs.                                                        Office of Appellate Courts

Commissioner of Revenue,

                    Respondent.

———————————————

Eric Johnson, Johnson Tax Law P.C., Saint Paul, Minnesota, for relator.

Keith Ellison, Attorney General, Joseph Weiner, Assistant Attorney General, Saint Paul, Minnesota, for respondent.

———————————————

S Y L L A B U S

1.      The tax court did not err when it concluded that the Commissioner of Revenue properly extended the statute of limitations period to 6½ years under Minn. Stat. § 289A.38, subd. 6.

2.      The tax court did not err when it concluded that the Commissioner of Revenue's imposition of the negligence penalty under Minn. Stat. § 289A.60, subd. 5 was proper.

Affirmed.

1

Considered and decided by the court without oral argument.

O P I N I O N

MOORE, III, Justice.

The tax dispute here concerns the Commissioner of Revenue's application of the 6½-year statute of limitations under Minn. Stat. § 289A.38, subd. 6, which extends the time for the Commissioner to assess taxes in cases of substantial underreporting, and the Commissioner's imposition of a penalty under Minn. Stat. § 289A.60, subd. 5, which penalizes a taxpayer's negligence or intentional disregard of applicable tax laws and rules. Relator taxpayer PASCP Inc. operates a retail business selling liquor and other products that are subject to sales tax. Following an audit, the Commissioner issued a Tax Order, determining that PASCP owed additional sales tax for the period of January 2015 through June 2020, along with penalties and interest totaling $639,461.56. PASCP appealed the Commissioner's decision, and the Minnesota Tax Court granted summary judgment for the Commissioner. Because the tax court did not err in concluding that the Commissioner properly extended the statute of limitations to 6½ years and properly applied the negligence penalty, we affirm.

**FACTS**

The facts here are undisputed. PASCP is a retail liquor store in Circle Pines doing business as Down Under Liquor. On June 25, 2020, the Commissioner of Revenue notified PASCP that it had been selected for a sales and use tax audit. The Commissioner requested records, including sales records, for the tax periods April 2017 through May 2020. During the audit, PASCP provided purchase records, bank statements, and sales

records for a single six-month period. But the sales records were not computed correctly and did not match the sales reported on PASCP's sales and use tax returns. Despite additional requests, including a subpoena, PASCP provided no other sales records.

Because of the lack of accurate sales records, the Commissioner conducted an indirect audit[1] of PASCP using the year 2019 as the sample period.[2] Relying on documentation from vendors reflecting PASCP's 2019 purchases, as well as PASCP's own retail price list, the Commissioner estimated PASCP's retail sales for 2019. First, the Commissioner subtracted sales reported on PASCP's sales and use tax return from PASCP's estimated sales to determine PASCP's unreported taxable sales for 2019. Next, the Commissioner divided the unreported taxable sales by the reported taxable sales for 2019 to determine the apportionment factor (error rate). Based on these calculations, the Commissioner concluded that liquor sales and other taxable sales for PASCP should have been, respectively, 140.84 percent and 124.56 percent higher than the sales PASCP reported on its sales and use tax returns. Finally, the Commissioner applied the

---

[1] "A direct audit involves a review of the books and accounts of a taxpayer, whereas an indirect audit involves a review of the accounts available to the auditor as well as a review of information provided by the taxpayer and available from other sources." *Conga Corp. v. Comm'r of Revenue*, 868 N.W.2d 41, 48 (Minn. 2015) (citing Internal Revenue Manual (I.R.M.) § 4.10.4.2.7–.8 (2011)).

[2] The tax court order uses the phrase "sample period" but it does not define it. The record reflects that the "sample period" refers to the 12-month period—between January 1 and December 31, 2019—used by the Commissioner to reconstruct PASCP's sales for the entire audit period.

apportionment factor from the sample period to determine unreported taxable sales—and thus underreported tax—for the entire audit period. Because these calculations revealed that PASCP underreported its taxes by more than 25 percent, the Commissioner extended the scope of the audit period from 3½ years to 6½ years under Minn. Stat. § 289A.38, subd. 6, and applied a 10 percent negligence penalty for each period under Minn. Stat. § 289A.60, subd. 5.

Based on the results of the audit, on August 9, 2021, the Commissioner issued a Tax Order, assessing PASCP additional tax of $500,615.08, penalties of $51,207.18, and interest of $87,639.30, for a total liability of $639,461.56 for the tax periods from January 2015 through June 2020. PASCP filed an administrative appeal on October 7, 2021, disputing the determinations in the Tax Order, disagreeing with the computation of the Commissioner's sales reconstruction, and contesting the extension of the statute of limitations. In response to the administrative appeal, on August 4, 2022, the Commissioner provided PASCP a secondary analysis of PASCP's S-Corp returns which showed "the sales reported for sales tax purposes were consistently and substantially lower than the actual purchases made and the gross receipt[s] for this business" and reiterated his audit conclusion. Then, on November 2, 2022, the Commissioner issued a Notice of Determination on Appeal, affirming the Tax Order's change in tax, penalty, and interest.

On December 29, 2022, PASCP timely filed an appeal of the Commissioner's Notice of Determination with the tax court. After discovery, the Commissioner moved for summary judgment, arguing that there were no material facts in dispute, his indirect audit

4

determinations were correct, and the extension of the audit period was proper because PASCP omitted more than 25 percent of its tax obligation for the sample year. PASCP opposed the motion, arguing that the Commissioner's methodology for computing unreported tax was unsupported, the Commissioner failed to provide admissible evidence to meet his burden of proof, the Tax Order covered periods beyond the statute of limitations, and PASCP was not liable for any penalty. The sole owner of PASCP also submitted a declaration to the tax court, conceding that he had failed to keep necessary books and records for the audit period.

The tax court granted summary judgment for the Commissioner. The tax court found that PASCP did not identify any evidence creating a fact dispute. Quoting statements by PASCP's counsel at the motion hearing, the tax court determined that PASCP had implicitly conceded that it did not have evidence to dispute the indirect audit method and that PASCP only speculated that additional facts might be developed through cross-examination.[3] The tax court found that the Commissioner appropriately extended the period of assessment to 6½ years under Minn. Stat. § 289A.38, subd. 6, because the Commissioner showed that PASCP underreported taxable sales by more than 25 percent. The tax court also found that the penalties imposed for late payment and negligence were proper, observing that the penalties are not discretionary, and that PASCP did not point to

---

[3] At the motion hearing, PASCP's counsel conceded that he did not dispute how the examination was conducted and identified no "red flag[s]" to suggest that it was performed improperly or providing a basis to claim that it was.

5

any evidence in the record showing that the penalties were improper. PASCP appealed the tax court's order.

## ANALYSIS

PASCP raises two issues on appeal. PASCP argues that the tax court erred in granting summary judgment for the Commissioner with respect to: (1) the application of the extended 6½-year statute of limitations period under Minn. Stat. § 289A.38, subd. 6, and (2) the imposition of the negligence penalty under Minn. Stat. § 289A.60, subd. 5.

We review decisions of the tax court to ensure that the tax court had jurisdiction, that the tax court applied the law correctly, and that the evidence supported the tax court's decision. Minn. Stat. § 271.10, subd. 1. Summary judgment is proper "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Minn. R. Civ. P. 56.01; *Henson v. Uptown Drink, LLC*, 922 N.W.2d 185, 189–90 (Minn. 2019); *see* Minn. Stat. § 271.06, subd. 7 ("[T]he Rules of Evidence and Civil Procedure … shall govern the procedures in the Tax Court, where practicable."). "Speculation, general assertions, and promises to produce evidence at trial are not sufficient to create a genuine issue of material fact for trial." *Nicollet Restoration, Inc. v. City of St. Paul*, 533 N.W.2d 845, 848 (Minn. 1995).

Here, as before the tax court, PASCP makes no argument that there is a genuine issue of material fact. Therefore, resolution of the issues raised depends on whether the tax court erred as a matter of law. *See Dakota Drug, Inc. v. Comm'r of Revenue*, 13 N.W.3d 387, 390 (Minn. 2024) (stating where the material facts are undisputed, "the only question before us  is whether the tax court correctly applied Minnesota law."). "The tax

6

court's conclusions of law and interpretation of statutes are reviewed de novo." *Id*. We address the issues raised in turn.

I.

We begin with PASCP's argument that application of the 6½-year statute of limitations period—which applies if the taxpayer underreports its taxes by more than 25 percent—was erroneous. PASCP argues that the Commissioner bears the burden of persuasion to demonstrate that PASCP underreported its taxes by more than 25 percent and that he failed to meet that burden here. The Commissioner disagrees, arguing that PASCP, as the taxpayer, retains the burden of persuasion throughout the proceedings. The Commissioner also argues that, no matter who bears the burden of persuasion, he met his burden here.

Minnesota statutes section 289A.38 governs the limitations on time for assessment of tax. The dispute here hinges on whether the 3½-year limitations period in subdivision 1 or the 6½-year limitations period in subdivision 6 applies. Subdivision 1 states: "Except as otherwise provided in this section, the amount of taxes assessable must be assessed within 3-1/2 years after the date the return is filed." Minn. Stat. § 289A.38, subd. 1. Subdivision 6(2), however, extends the limitation period to 6½ years if "the taxpayer omits from a sales, use, or withholding tax return, or a return for a tax imposed under section 295.52, an amount of taxes in excess of 25 percent of the taxes reported in the return[.]" Minn. Stat. § 289A.38, subd. 6 (2). Because application of subdivision 6 is conditioned upon the taxpayer underreporting its taxes by more than 25 percent, the question for us is whether that condition was met. If we agree with the Commissioner that

7

he met his burden regardless, we need not reach the question of who bears the burden of persuasion.

The tax court declined to decide which party bears the burden of persuasion because it concluded that "the burden of production and persuasion ha[d] been met by the Commissioner[.]" *PASCP Inc. v. Comm'r of Revenue*, No. 9566 R, 2025 WL 4742103, at *6 (Minn. T.C. June 26, 2025). The tax court concluded that "[PASCP's] underpayment of tax during the 2019 sample audit period furnishe[d] the Commissioner with a reasonable basis to infer underpayment for other tax periods." *Id*.

PASCP disputes the tax court's decision, arguing that "a reasonable basis to infer" is not enough for the Commissioner to meet his burden of persuasion. PASCP argues that applying a tax underreporting rate from an indirect audit constructed from data for 2019 to periods going back as far as 2015 gets into the realm of speculation. PASCP contends that while such speculation may be sufficient for periods within the 3½-year statute of limitations period, where the taxpayer has the burden to demonstrate the incorrectness of the Commissioner's adjustments, speculation is not sufficient to trigger the 6½-year statute of limitations, where the Commissioner bears the burden of persuasion.

We are unpersuaded by PASCP's argument. The Commissioner has the power and duty to "use statistical or other sampling techniques consistent with generally accepted auditing standards in examining returns or records and making assessments[.]"[4] Minn.

___

[4] A "statistical or other sampling technique" as used in Minn. Stat. § 270C.03, subd. 1(3) is "a technique in which a representative sample is taken from the taxpayer's records and extended to determine whether the sample is statistically representative of the sales at issue, and whether that sample provides a reasonable basis for the auditor to draw

8

Stat. § 270C.03, subd. 1(3). The use of "statistical or other sampling techniques" might be necessary where, as here, complete and reliable records are unavailable. *See Conga Corp. v. Comm'r of Revenue*, 868 N.W.2d 41, 51 (Minn. 2015); *see, e.g.*, *Wybierala v. Comm'r of Revenue*, 587 N.W.2d 832, 834 (Minn. 1998) (explaining that a "statistical method" had been used to "project the total 'sales tax' that had been collected" because "sufficient records were not supplied for [the] taxable years" at issue). Therefore, what PASCP refers to as "speculation," is merely the Commissioner exercising his statutory powers and duties in response to PASCP's failure to maintain and report the requisite records.

It is undisputed that (1) PASCP did not keep adequate records for the taxable years at issue, (2) PASCP accepts the results of the indirect audit, and (3) those results show that PASCP underreported its sales taxes by more than 25 percent. No matter who bears the burden of persuasion, these undisputed facts establish that the Commissioner met his burden. Accordingly, the tax court did not err when it concluded that the Commissioner properly extended the statute of limitations period to 6½ years under Minn. Stat. § 289A.38, subd. 6.

## II.

Next, we consider PASCP's argument that the imposition of the negligence penalty under Minn. Stat. § 289A.60, subd. 5 was improper. The tax court concluded that the

---

conclusions about taxable revenues based upon that sampling." *Conga Corp. v. Comm'r of Revenue*, 868 N.W.2d 41, 51 (Minn. 2015).

penalty imposed for negligence was proper, observing that the penalty is not discretionary, and PASCP did not point to any evidence in the record disputing its application. PASCP challenges this conclusion, arguing that although its owner admitted that there was a lack of accurate sales records, the owner's declaration indicates that he was not at fault for the lack of records. PASCP contends that the owner's declaration as to his lack of fault raises a factual issue for trial regarding the negligence penalty.

Section 289A.60, subdivision 5 provides the circumstances under which the penalty at issue may be imposed:

> If part of an additional assessment is due to negligence or intentional disregard of the provisions of the applicable tax laws or rules of the commissioner, but without intent to defraud, there must be added to the tax an amount equal to ten percent of the additional assessment.

Minn. Stat. § 289A.60, subd. 5. The statute uses the disjunctive "or" in outlining the conditions that trigger the penalty: (1) when the taxpayer is negligent; or (2) when the taxpayer intentionally disregards the applicable tax laws.

While PASCP is correct that intent requires a state-of-mind analysis, negligence does not. *See Florenzano v. Olson*, 387 N.W.2d 168, 174 (Minn. 1986) ("Proof of the subjective state of the misrepresenter's mind, whether by direct evidence or by inference, is not needed to prove negligence. Negligence is proved by measuring one's conduct against an objective standard of reasonable care or competence."). Negligence is an objective standard and "is generally defined as the failure to exercise such care as persons

10

of ordinary prudence usually exercise under such circumstances."[5] *Domagala v. Roland*, 805 N.W.2d 14, 22 (Minn. 2011); *see also Black's Law Dictionary* (12th ed. 2024) 1241 (defining "negligence" as "[t]he failure to exercise the standard of care that a reasonably prudent person would have exercised in a similar situation"). Therefore, the question is only whether PASCP's owner failed to exercise such care as a reasonably prudent person would under similar circumstances. We conclude that there is no genuine issue of material fact as to PASCP's negligence because PASCP admitted to failing to keep accurate sales records.

Given the legal obligations to maintain books and records, *see* Minn. Stat. §§ 270C.31, subd. 2, 297A.77, subd. 5; Minn. R. 8130.7501, subp. 3(A), a reasonably prudent liquor store owner would have kept the necessary books and records and made them available for audit. PASCP conceded, under penalty of perjury, that it failed to keep necessary books and records for the audit period. PASCP's failure to keep adequate records for several years while under legal obligation to do so falls below the reasonably prudent person standard. Therefore, the tax court did not err when it concluded that the imposition of the negligence penalty was proper. As such, we conclude that the tax court properly granted summary judgment in favor of the Commissioner.

---

[5] Negligence, as used in section 289A.60, subdivision 5, is not defined and there is no reason to believe that it has a different meaning in this context.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the tax court.

Affirmed.


HUDSON, C.J., took no part in the consideration or decision of this case.