**GREEN GIANT CO., Respondent,**

v.

**COMMISSIONER OF REVENUE, Relator.**

No. C3–94–2030.

Supreme Court of Minnesota.

July 28, 1995.

Hubert H. Humphrey, III, Atty. Gen., James W. Neher, Asst. Atty. Gen., Tax Litigation Div., St. Paul, for relator.

Thomas R. Muck, John P. James, Fredrikson & Byron, P.A., Minneapolis, for respondent.

**OPINION**

GARDEBRING, Justice.

This is a tax assessment case involving the issue of whether a corporation's assignment

of income made pursuant to Minn.Stat. § 290.01, subd. 20 (1987) is taxable income.[1] This section, which incorporates § 1804(e)(4) of the federal Tax Reform Act of 1986, Pub.L. No. 99–514, 100 Stat. 2800 (1986),[2] was adopted by the Minnesota Legislature as part of a 1987 bill intended to simplify the state's income tax and bring Minnesota tax law into conformity with the federal changes. Minn.Laws.1987, ch. 268, art. 1, §§ 18, 125. The federal provision allowed profitable corporations to assign income to subsidiaries jointly owned by the corporation and an Alaska Native Corporation (ANC), with the objective of offsetting the corporation's income by "purchase" of the net operating losses of the ANC.[3] It is, in essence, a modification of the definition of corporate gross income.

Green Giant Co. (Green Giant) filed state and federal income tax returns for the fiscal year ending May 31, 1987. Pursuant to section 1804(e)(4) and Minn.Stat. § 290.01, subd. 20 (1987), which were in effect at that time, Green Giant did not report $234,677 of income it had assigned to a jointly owned subsidiary of Green Giant and Huna Totem Corporation, an ANC.[4] On March 15, 1993, after an audit and other administrative proceedings, the Commissioner of Revenue (Commissioner) issued a final tax assessment order to Green Giant, disallowing the offsets claimed under Minn.Stat. § 290.01, subd. 20 (1987) and assessing additional taxes for the 1987 tax year in the amount of $234,677, plus an additional $120,333.44 in interest. On appeal to the tax court, Green Giant's motion for summary judgment was granted. The tax court held that the Minnesota Legislature adopted section 1804(e)(4) consistent with its stated purpose of conformance with

federal law. We agree and therefore affirm the tax court.

■ Our role in the review of tax court decisions is a limited one. The tax court's ruling is to be upheld "where sufficient evidence exists for the tax court to reasonably reach the conclusion it did." *American Ass'n of Cereal Chemists v. County of Dakota*, 454 N.W.2d 912, 914 (Minn.1990). Further, this court reviews questions of statutory construction *de novo*. *United Power Ass'n v. Commissioner of Revenue*, 483 N.W.2d 74, 77 (Minn.1992).

■ At issue in this case is the construction and interpretation of a 1987 statutory amendment to the definition of gross income. The 1987 amendment, which was subsequently repealed in 1989, provided:

> For tax years beginning before January 1, 1987 * * *.
>
> *     *     *     *     *     *
>
> (iv) The Internal Revenue Code of 1954, as amended through May 25, 1985, shall be in effect for taxable years beginning after December 31, 1984. The provisions of sections 101, 102, 103, 201, and 202 of Public Law Number 99–121 and sections 402, 403, 1803, *1804*, 1852, and 1861 of the Tax Reform Act of 1986, Public Law Number 99–514, shall be effective at the same time that they become effective for federal income tax purposes.

Minn.Laws 1987, ch. 268, art. 1, § 18(iv)[5] (emphasis added). The legislation took effect in the 1985 tax year. *Id.*

The Commissioner argues that, despite the clear language of the statute, the legislature did not intend to adopt section 1804(e)(4) as

1. Minn.Stat. § 290.01, subd. 20 (1987) was subsequently repealed in 1989. *See* 1989 Minn. Laws, ch. 28, § 3. The relevant language of Minn.Stat. § 290.01, subd. 20 (1987) is found at Minn.Laws 1987, ch. 268, art. 1, § 18.

2. The legislative history of § 1804(e) can be found at 26 U.S.C. § 1504 (1988) (historical and statutory notes).

3. ANCs were created by Congress to manage the assets distributed under the terms of the Alaska Native Claims Settlement Act which was enacted to provide compensation for land claims by origi-

nal residents of Alaska. Pub.L. No. 92–203, 85 Stat. 691 (1971), *codified at* 43 U.S.C. § 1601, et seq. (1988).

4. This arrangement was approved in private letter rulings issued by the Internal Revenue Service for purposes of federal taxation.

5. Provisions permitting the loss transfers by ANCs were repealed in 1988 by Congress. *See* Pub.L. No. 100–647, § 5021(a)–(e) (1988), *further amended* Pub.L. 101–239, § 7815(b), 103 Stat. 2414 (1989). The Minnesota Legislature followed in 1989. 1989 Minn.Laws, ch. 28, § 3.

an amendment to the state definition of corporate gross income because corporate gross income was defined independently of federal law in tax year 1985. The Commissioner further argues that the legislature could not have intended to adopt a federal law which provides assistance to organizations, the ANCs, which have no connection to Minnesota. We find neither argument persuasive.

The Commissioner's arguments in this case fail to take into account the most basic rule of statutory construction:

> When the words of a law in their application to an existing situation are free and clear from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit.

Minn.Stat. § 645.16 (1992). Further, this rule specifically applies in the context of construing revenue statutes. In *Commissioner of Revenue v. Richardson*, 302 N.W.2d 23, 26 (Minn.1981), we said, "No room for judicial construction exists when the statute speaks for itself." Where the statutory language is clear and unambiguous, courts must give effect to its plain meaning. *State v. Carpenter*, 459 N.W.2d 121, 126 (Minn.1990).

Here the statute speaks plainly. On its face, the 1987 amendment plainly incorporates section 1804(e)(4) into Minnesota law. The legislature enacted section 1804 without excluding subdivision (e)(4). We will not supply that which the legislature purposefully omits or inadvertently overlooks. *Wallace v. Commissioner of Taxation*, 289 Minn. 220, 184 N.W.2d 588 (1971).

The legislature adopted section 1804(e)(4), and since the language of the statute is plain, the tax court properly granted summary judgment in favor of Green Giant. Accordingly, the decision of the tax court is affirmed.

STRINGER, J., took no part in the consideration or decision of this case.