Amy **BORCHERT**, petitioner, **Appellant,**

v.

Larry **MALONEY**, **Respondent.**

No. C6–97–1162.

Supreme Court of Minnesota.

July 16, 1998.

**3.** It should be noted that Prentice Wheatley's whereabouts were unaccounted for at the time of the shooting.

Vandelist & Vandelist, Mark C. Vandelist, Burnsville, for appellant.

Labore & Giulliani, Ltd., Angela C. Shackleford, Hopkins, for respondent.

Considered and decided by the court en banc without oral argument.

## OPINION

PAGE, Justice.

Appellant Amy Borchert sued respondent Larry Maloney for damages resulting from injuries she sustained while a passenger in an uninsured motor vehicle[1] that was involved in a collision with a motor vehicle operated by Maloney. Maloney made a settlement offer to Borchert, pursuant to Rule 68 of the Minnesota Rules of Civil Procedure, in the amount of $10,000, which Borchert rejected. The case proceeded to a jury trial, and the jury awarded Borchert damages in the amount of $11,651. In awarding the damages, the jury attributed 60 percent to

Maloney's negligence and 40 percent to the uninsured motorist. After collateral source offsets and a reduction for comparative negligence, the trial court ordered judgment in Borchert's favor in the amount of $4,502.40, plus costs and disbursements. At the same time, the trial court ordered Borchert to pay Maloney's costs and disbursements because the net judgment entered in her favor was less than Maloney's Rule 68 settlement offer. On appeal, the court of appeals reversed, holding that "[w]here a plaintiff rejects a Rule 68 offer of settlement by a defendant and [ultimately] receives a judgment less favorable than the [Rule 68] offer, the plaintiff is denied costs and disbursements." Because we conclude that the trial court was correct in awarding Borchert her costs and disbursements, we reverse the court of appeals.

This case asks us to resolve a conflict between Minn.Stat. ch. 549 and Minn. R. Civ. P. 68. The conflict arises because, under the statute, the prevailing party in a lawsuit is entitled to recover his or her costs[2] and disbursements[3] while, under the rule, when a party makes a Rule 68 offer which is rejected and the judgment finally entered is less favorable to the offeree than the Rule 68 offer, the offeree must pay the offeror's costs and disbursements.

In resolving this conflict, the first question we must address is whether Borchert is a prevailing party under Minn.Stat. ch. 549 because if she is not, she is not entitled to recover her costs and disbursements under any circumstances. Maloney contends that Borchert was not the prevailing party in the trial of this matter because the final judgment she received was less than the amount of Maloney's Rule 68 settlement offer of $10,000. Specifically, Maloney argues that Borchert's rejection of the settlement offer operated as a claim that her damages exceeded

---

1. Because the vehicle she was riding in was not insured, Borchert sought uninsured motorist benefits under her motor vehicle insurance policy with American Family Insurance Company. Borchert ultimately sued American Family for the benefits; however, before the trial began, Borchert settled with American Family.

2. Minnesota Statutes section 549.02 provides that costs shall be allowed as follows: "Upon a

judgment in the plaintiff's favor of $100 or more in an action for the recovery of money only, $200. * * * To the prevailing party: $5.50 for the cost of filing a satisfaction of the judgment."

3. Minnesota Statutes section 549.04 provides that "[i]n every action in a district court, the prevailing party * * * shall be allowed reasonable disbursements paid or incurred * * *."

$10,000, and therefore, to prevail in light of this claim, Borchert was required to obtain a final judgment in excess of $10,000. In response, Borchert argues that in this action she claimed Maloney was negligent and that his negligence caused her damages, that Maloney denied both of these claims, and that the jury returned a verdict finding that not only was Maloney in fact negligent, but also that Borchert sustained damages as a result of his negligence. As such, Borchert contends that she was the prevailing party, even though the net final judgment was less than Maloney's settlement offer.

In determining who qualifies as the prevailing party in an action, "the general result should be considered, and inquiry made as to who has, in the view of the law, succeeded in the action." [4] The prevailing party in any action is one in whose favor the decision or verdict is rendered and judgment entered.[5]

While Maloney was successful to some degree, in that the judgment against him that was more favorable than the Rule 68 settlement offer he made to Borchert, Borchert prevailed on the merits in the underlying action. The jury rendered a verdict that Maloney was negligent and that Borchert sustained injuries as a result of his negligence. Clearly, the verdict rendered and the judgment entered were in Borchert's favor. Thus, on the facts presented in this case, we conclude that Borchert is the prevailing party.

Having concluded that Borchert is the prevailing party does not, however, end our inquiry; we must still determine whether Rule 68 nonetheless precludes her from recovering her costs and disbursements. Maloney contends that to allow Borchert to recover her costs and disbursements would be contrary to public policy and Rule 68's purpose of encouraging settlements.

Rule 68, in relevant part, provides: "If the judgment finally entered is not more favorable to the offeree than the offer, the offeree must pay the *offeror's* costs and disbursements." [6] The purpose of Rule 68 is to encourage the settlement of lawsuits.[7] The rule does so by, among other things, requiring the offeree to pay the offeror's costs and disbursements when the judgment finally entered is less than the offer. The advisory committee's notes to Rule 68 state that the "principal effect of making an offer of settlement under Rule 68 is to shift the burden of paying costs properly taxable under Minn. R. Civ. P. 54.04." [8] Although helpful, the advisory committee's notes are not binding on this court.[9] The district court, in awarding Borchert statutory costs and disbursements, found that Rule 68 does not specifically state that the offeree is also responsible for her own costs and disbursements. The district court's reading of the rule's plain language is correct. If the rule was intended to prevent an offeree who prevails on the lawsuit's merits from recovering her costs and disbursements even though the judgment entered was less than the Rule 68 offer, it would specifically say so, as does Fed.R.Civ.P. 68.[10] Under the federal rule, the offeree is responsible for all costs incurred, including her own, after the making of the offer.

To give effect to both the statute and the rule, we conclude that the trial court's analysis was correct and hold that Borchert is entitled to recover her reasonable costs and disbursements under the statute. This

---

4. *Haugland v. Canton*, 250 Minn. 245, 254, 84 N.W.2d 274, 280 (1957) (citation omitted).

5. *U.S. v. Minneapolis, St. P. & S.S.M. Ry. Co.*, 235 F. 951, 955 (D.Minn.1916).

6. Minn. R. Civ. P. 68 (emphasis added).

7. *See* 2A David F. Herr & Roger S. Haydock, *Minnesota Practice*, ¶ 68.3 (2d ed.1985).

8. Minn. R. Civ. P. 68 advisory committee's note—1985.

9. While it is a long-standing practice of the court to include comments of its Advisory Committees when publishing amended rules, the comments are not adopted or approved by the court. Their purpose is to highlight changes represented by the amendment. It remains for this court to construe and apply the rules.

10. Federal Rule of Civil Procedure 68 provides in pertinent part: "If the judgment finally obtained by the offeree is not more favorable to the offeree than the offer, the offeree must pay the costs incurred after the making of the offer."

result is not inconsistent with the purposes of Rule 68. As evidenced by what took place in this case, the effect of having to pay the offeror's costs and disbursements, if the judgment entered is less than the Rule 68 offer, is still a powerful incentive for the offeree to reach a settlement even if the offeree may, in the end, recover her own costs and disbursements under the statute. Here, absent being required to pay Maloney's costs and disbursements, Borchert's recovery, including her costs and disbursements, would have been $8,778.87. But because her recovery is reduced by Maloney's costs and disbursements, her net recovery will only be $4,138.53, a reduction of over 50 percent.

We reverse the court of appeals and reinstate the judgment entered by the trial court.

Reversed.