**Denise LUNA, Respondent,**

v.

**Amber M. ZEEB, et al., Appellants.**

**No. C0–01–501.**

Court of Appeals of Minnesota.

Aug. 21, 2001.

Daniel T. Cody, Cody Law Offices, St. Paul, MN, (for respondent).

John P. Brendel, Maureen A. Hill, Brendel & Zinn, Ltd., St. Paul, MN, (for appellants).

Considered and decided by HARTEN, Presiding Judge, WILLIS and PARKER, Judges.*

## OPINION

HARTEN, Judge.

Respondent sued appellants in a personal injury action. Based on the jury's verdict, the district court ordered judgment for appellants and awarded them costs and disbursements. After post-judgment cross-motions by the parties, the district court awarded costs and disbursements to each party under Minn. R. Civ. P. 68 and Minn.Stat. ch. 549. Appellants argue that the district court erred in awarding respondent costs and disbursements because appellants were the prevailing party. We conclude that, because the net verdict and the district court's judgment were in appellants' favor, respondent was not entitled to costs and disbursements. Accordingly, we reverse and vacate the award.

## FACTS

Respondent Denise Luna brought a personal injury action claim against appellants Amber and Wesley Zeeb. Appellants made a settlement offer of $15,000 pursuant to Minn. R. Civ. P. 68. Respondent rejected the settlement offer and a jury trial was held. Based on the jury's verdict, the

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

district court made the following findings of fact:

1. Defendant Amber Zeeb was negligent in the operation of her motor vehicle on December 3, 1996, which was a direct cause of the accident to the extent of 100 percent thereof.

2. The accident of December 3, 1996, directly caused the injuries sustained by Plaintiff Denise Luna.

3. Plaintiff sustained injuries [and] damages from the date of the accident to the time of the verdict as follows:

| | | |
|---|---|---|
| A. | Past pain, disability, embarrassment and emotional distress | $1,000.00 |
| B. | Past wage loss | $1,000.00 |
| C. | Past health care expenses | $1,000.00 |
| D. | Future pain, disability, embarrassment and emotional distress | $ 0 |
| E. | Future wage loss | $ 0 |
| F. | Future health care expenses | $ 0 |

4. Plaintiff Denise Luna did not sustain a permanent injury as a result of the accident on December 3, 1996.

5. Plaintiff Denise Luna did not sustain a disability for 60 days or more cumulative as a result of the accident of December 3, 1996.

The district court made the following conclusion of law:

1. Defendant[s][are] entitled to judgment dismissing Plaintiff's cause of action, with their costs and disbursements herein.

Both parties moved the district court for taxation of costs and disbursements. After hearing arguments, the district court awarded costs and disbursements to each party under Minn. R. Civ. P. 68 and Minn. Stat. ch. 549. This appeal followed.

## ISSUE

Did the district court err in awarding respondent costs and disbursements under Minn.Stat. ch. 549?

## ANALYSIS

A reviewing court is not bound by and need not give deference to a district court's decision on a purely legal issue. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984). Statutory construction is a question of law, which this court reviews de novo. *See Brookfield Trade Ctr., Inc. v. County of Ramsey,* 584 N.W.2d 390, 393 (Minn.1998).

Appellants contend that the district court erred in awarding respondent her costs and disbursements, arguing that respondent was not the prevailing party and did not receive a net verdict in excess of appellants' rule 68 offer. Minn. R. Civ. P. 68 allows a party to make a settlement offer at any time prior to ten days before the trial begins. "If the judgment finally entered is not more favorable to the offeree than the offer, the offeree must pay the offeror's costs and disbursements." Minn. R. Civ. P. 68. Before the statutory deductions, the jury verdict awarded respondent was $3,000, an amount less favorable to respondent than appellants' $15,000 rule 68 offer. Because respondent did not obtain a verdict in excess of the rule 68 offer, the district court properly awarded costs and disbursements to appellants.

Notwithstanding, the prevailing party in a lawsuit is entitled to recover his or her costs and disbursements. Minn. Stat. §§ 549.02, .04 (2000). Appellants argue that they were the prevailing party because both the net verdict and the judgment were in their favor. Respondent contends that she prevailed on the merits and, therefore, was the prevailing party. Both parties cite *Borchert v. Maloney,* 581 N.W.2d 838 (Minn.1998), as the controlling authority.

*Borchert* involved a suit for damages resulting from injuries sustained in a motor vehicle accident. *Id.* at 839. Prior to

trial, the defendant made a rule 68 settlement offer of $10,000. *Id.* The plaintiff rejected the offer and the case went to trial. *Id.* The jury initially awarded the plaintiff $11,651; after collateral source offsets and a comparative negligence reduction, the district court ordered judgment for the plaintiff in the amount of $4,502.40, plus costs and disbursements. *Id.* The district court also ordered the plaintiff to pay the defendant's costs and disbursements because the net judgment entered in her favor was less than the defendant's rule 68 settlement offer. *Id.* The supreme court held that the plaintiff was the prevailing party under Minn.Stat. ch. 549 and that Minn. R. Civ. P. 68 did not preclude her from recovering her costs and disbursements, even though the net judgment entered in her favor was less than the defendant's rule 68 settlement offer. *Id.* at 840–41.

Appellants argue that they were the prevailing party because the net verdict was zero and the district court ordered judgment for appellants and dismissed respondent's action.

> In determining who qualifies as the prevailing party in an action, the general result should be considered, and inquiry made as to who has, in the view of the law, succeeded in the action. The prevailing party in any action is one in whose favor the decision or verdict is rendered and judgment entered.

*Borchert,* 581 N.W.2d at 840 (Minn.1998) (footnotes omitted) (quotation omitted). The jury awarded respondent $1,000 for past wage loss and $1,000 for past health care expenses. As required by Minn.Stat. § 65B.51, subd. 1 (2000), the no-fault offsets reduced respondent's verdict to the $1,000 award for her "past pain, disability, embarrassment and emotional distress."

Before an injured person covered under the No–Fault Act can recover non-economic loss in a tort action, the tort thresholds of the Act must be met. The plaintiff must carry the burden of proving $4,000 of medical expenses or an injury producing· a disability of sixty days or more, a permanent injury or disfigurement, or death before he can sue. Minn.Stat. § 65B.51, subd. 3 (1982); *Marose v. Hennameyer,* 347 N.W.2d 509 (Minn.App.1984). If the threshold requirements are not met, no recovery may be had.

*Coughlin v. LaBounty,* 354 N.W.2d 48, 50 (Minn.App.1984), *review denied* (Minn. Jan. 9, 1985). Respondent failed to meet any of these threshold requirements. The jury returned a verdict finding that respondent's past medical expenses were $1,000, that respondent did not sustain a permanent injury, and that respondent did not sustain a disability for 60 days ·or more. Accordingly, the $1,000 verdict awarded respondent for pain and suffering was reduced to zero by operation of law, and ultimately respondent was awarded nothing. *See* Minn.Stat. § 65B.51, subd. 3 (2000). The district court then ordered judgment for appellants and dismissed respondent's cause of action.

Respondent erroneously contends that the facts of the present case "are basically identical" to *Borchert,* and that she, like the plaintiff in *Borchert,* was the prevailing party. Respondent asserts that she "prevailed on the merits even though she did not have a favorable result under the Rule 68 settlement offer," and that *Borchert* "clearly indicate[s] * * * that prevailing on the merits is the most important criterion and not the net verdict." We disagree. Here, the jury found that appellant was negligent and that her negligence was a direct cause of the accident. These findings, however, do not automatically make respondent the prevailing party. The jury also found that respondent did not sustain

a permanent injury and did not sustain a disability for 60 days or more. Furthermore, unlike *Borchert,* in which the district court ordered judgment in the plaintiff's favor for approximately $4,500 after collateral source offsets and a comparative negligence reduction, here, the net verdict was zero and the district court ordered judgment for appellants dismissing respondent's cause of action.

## DECISION

The result of the jury's verdict made appellants the prevailing party by operation of the district court's ultimate conclusion of law, which held that appellants were "entitled to judgment dismissing [respondent's] cause of action, with their costs and disbursements." Accordingly, we reverse the district court's order awarding respondent costs and disbursements and vacate that award.

**Reversed; award vacated.**