D. Scott VANDENHEUVEL,
et al., Appellants,

v.

Virgil A. WAGNER, Respondent.

No. A03–324.

Court of Appeals of Minnesota.

Jan. 16, 2004.

Robert J. Leighton, Jr., Nolan, MacGregor, Thompson & Leighton, St. Paul, MN, for appellants.

Steven R. Schwegman, Mary B. Mahler, Quinlivan & Hughes, P.A., St. Cloud, MN, for respondent.

Considered and decided by KLAPHAKE, Presiding Judge; WILLIS, Judge; and G. BARRY ANDERSON, Judge.

## OPINION

G. BARRY ANDERSON, Judge.

Appellants, D. Scott and Dawn Vandenheuvel, challenge the district court's award to respondent of all of respondent's costs

and disbursements, after appellant's rejected an offer of judgment that was ultimately more favorable than the net judgment. Appellants argue that Minn. R. Civ. P. 68 gives offerors the right to only costs and disbursements incurred after the offer of judgment when the rejected offer is more favorable than the net judgment. Because we conclude that the district court did not err in granting respondent all of his costs and disbursements, we affirm.

## FACTS

The facts are not in dispute in this case. On May 11, 2000, appellant Dawn Vandenheuvel and respondent were involved in an automobile accident, injuring appellant Dawn Vandenheuvel's back and shoulder. Appellants brought suit against respondent for personal injuries and loss of consortium.

One month before trial, respondent made an offer of judgment pursuant to rule 68 in the amount of $25,000. Appellants rejected this offer. Appellants prevailed at trial and damages were set at approximately $32,090. The no-fault automobile insurer had paid appellants $20,090, and this amount was offset. Thus, the net judgment was approximately $12,000. Because the net judgment in favor of appellants was less than the offer, the district court granted respondent all of his costs and disbursements, over appellants' objections. This appeal followed.

## ISSUE

Does Minn. R. Civ. P. 68 allow the recovery of all costs and disbursements—or only those incurred after the offer is made and rejected—when the offer of judgment is greater than the net judgment?

## ANALYSIS

Appellants argue that rule 68 allows offerors to recover only those costs and disbursements incurred after the date on which the offer of judgment was made. Minn. R. Civ. P. 68 states:

> At any time prior to 10 days before the trial begins, any party may serve upon an adverse party an offer to allow judgment to be entered to the effect specified in the offer or to pay or accept a specified sum of money, with costs and disbursements then accrued, either as to the claim of the offering party against the adverse party or as to the claim of the adverse party against the offering party.... An offer not accepted is not admissible, except in a proceeding to determine costs and disbursements. If the judgment finally entered is not more favorable to the offeree than the offer, the *offeree must pay the offeror's costs and disbursements.*

(Emphasis added.) The purpose of this rule is "to encourage settlement by all parties." Minn. R. Civ. P. 68 1985 advisory comm. note. Thus, "[t]he principal effect of making an offer of settlement under [r]ule 68 is to shift the burden of paying costs." *Id.* This is a change from the previous rule 68.01, which stated, "[T]he offeree must pay the costs and disbursements *incurred after the making of the offer.*" Minn. R. Civ. P. 68.01 (1984) (emphasis added). The previous rule was, in this regard, like the current federal rule, which states, "[T]he offeree must pay the costs *incurred after the making of the offer.*" Fed.R.Civ.P. 68.

We review legal issues concerning offers of judgment de novo. *Collins v. Minn. Sch. of Bus., Inc.,* 655 N.W.2d 320, 324 (Minn.2003). Rules of court are to be interpreted in the same manner as statutes and are to be "construed in the sense in which they were understood and intended at the time the rule was promulgated." *Nguyen v. State Farm Mut. Auto. Ins. Co.,* 558 N.W.2d 487, 490 (Minn.1997)

(quoting *House v. Hanson*, 245 Minn. 466, 473, 72 N.W.2d 874, 878 (1955)). A statute's plain language is to be given its plain meaning when the statutory language is unambiguous. *Green Giant Co. v. Comm'r of Revenue*, 534 N.W.2d 710, 712 (Minn. 1995).

In 1991, the Minnesota Supreme Court was asked to decide whether certain parties were entitled to costs and disbursements under rule 68 and whether those costs included attorney fees. *Bucko v. First Minn. Sav. Bank, F.B.S.*, 471 N.W.2d 95, 98 (Minn.1991). The court decided that the defendant was entitled to costs and disbursements from only one of the three plaintiffs. *Id.* The court concluded, "[Plaintiff], however, recovered nothing and must therefore pay the [defendant's] costs and disbursements incurred from the date of its offer of judgment until judgment was entered by the trial court." *Id.* But *Bucko* did not involve a dispute over and did not analyze when recoverable costs and disbursements began to accrue for purposes of rule 68; the supreme court referred to the date of the offer of judgment without actually analyzing whether that was the relevant date. *Bucko* provides the basis for appellants' argument.

In 1994, this court was faced with the question of whether a certain party was entitled to costs and disbursements. *Imperial Developers, Inc. v. Seaboard Sur. Co.*, 518 N.W.2d 623, 628 (Minn.App.1994), *review denied* (Minn. Aug. 24, 1994). This court held that the offeror was "entitled to costs and disbursements under rule 68 for time spent on the parties' . . . claims from the date of its settlement offer to the first day of trial." *Id.* at 629. As in *Bucko*, there was no analysis as to whether the date of the offer was the relevant date for calculating costs under rule 68.

More recently, the Minnesota Supreme Court considered the interplay between rule 68 and chapter 549 of the Minnesota Statutes. *Borchert v. Maloney*, 581 N.W.2d 838, 839 (Minn.1998). In determining that the prevailing party was entitled to recover costs and disbursements under the statute and that the offeror was also entitled to recover costs and disbursements because the net judgment was less favorable than the offer, the court did not indicate that the offeror's costs and disbursements would be limited to those incurred after the date of the offer. *Id.* at 840–41. The court noted, "[T]he effect of having to pay the offeror's costs and disbursements . . . is still a powerful incentive for the offeree to reach a settlement even if the offeree may, in the end, recover her own costs and disbursements under the statute." *Id.* at 841. In reaching this decision, the court emphasized that the Minnesota rule differs from the federal rule. *Id.* at 840.

This court has also applied rule 68 in other cases, without addressing the relevant date to be applied when calculating the offeror's costs and disbursements. *See, e.g., Luna v. Zeeb*, 633 N.W.2d 540, 542–44 (Minn.App.2001); *see also Olson v. Nuszloch*, 574 N.W.2d 106, 106–07 (Minn. App.1998).

Because none of the cited cases applying rule 68 to date have analyzed this precise issue, we now confront, for the first time, the date from which the offeree's liability for costs and disbursements begins in the context of rule 68.

Our analysis begins with the clear and direct language of the current rule. Rule 68 provides that the offeree "must pay the offeror's costs and disbursements," and there is no language that limits that liability to costs and disbursements incurred after the date on which the rejected offer was made. Minn. R. Civ. P. 68. To reach the result urged by appellants requires us to read into the rule a limitation that is not

supported by the language in the current rule.

Changes to the rule adopted in 1985 support our conclusion that no such limitation on costs and disbursements exists. The current rule does not specifically refer to liability for "all" costs and disbursements, but it does not contain the limiting language found in the federal rule or in the previous version of the Minnesota rule.

Interpreting the rule to impose liability for all of the offeror's costs and disbursements, not just for some of those costs and disbursements, is consistent with the intent of the rule to create incentives for parties to settle. *See Borchert,* 581 N.W.2d at 841. Just as the supreme court in *Borchert* was persuaded that different language in the Minnesota rule compelled a different result than under the federal rules, we also conclude that the lack of limiting language in the Minnesota rule compels our conclusion that the Minnesota rule differs from the federal rule. In the absence of limiting language, we conclude that an offeror is entitled to all costs and disbursements when an offer of judgment is made and not accepted, and the final net judgment is less favorable than the offer.

## DECISION

The district court did not err in awarding respondent all of his costs and disbursements, without limiting appellants' liability to costs and disbursements incurred after the making of the offer of judgment.

**Affirmed.**

KLAPHAKE, Judge, dissenting.

Because I believe that the result reached by the majority here is contrary to the Minnesota Supreme Court's own interpretation of its rule, I respectfully dissent. I would therefore reverse the district court's decision and allow respondent to recover only those costs and disbursements incurred after he made his offer to appellants.

In general, I agree that when the supreme court either adds or deletes language from a rule, it intends to change past practice. Here, however, I do not believe that the supreme court necessarily intended to change past Minnesota practice by deleting the words "incurred after the making of the offer" from the language of Minn. R. Civ. P. 68.

Besides the deletion of these words, several other significant changes were made in 1985 when the current version of rule 68 was adopted. The 1985 comment discusses these other changes in detail, but fails to mention the deletion of the words "incurred after the making of the offer." *See* Minn. R. Civ. P. 68 advisory comm. note. The comment merely states that the Minnesota rule is to be interpreted consistently with the federal rule, which specifically requires an offeree to "pay the costs incurred after the making of the offer." Fed.R.Civ.P. 68. From the 1985 comment, we may reasonably conclude that the deletion of the words "incurred after the making of the offer" was not necessarily intended to change the long-standing practice in Minnesota of taxing costs and disbursements only from the date the offer was made.

The supreme court followed such an interpretation of the current version of rule 68 in *Bucko v. First Minn. Sav. Bank, F.B.S.,* 471 N.W.2d 95 (Minn.1991). In that case, the supreme court concluded that Crace, the one party who recovered nothing, "must therefore pay the Bank's costs and disbursements incurred from the date of its offer of judgment until judgment was entered by the trial court." *Id.* at 98. The supreme court cited the current version of rule 68, but failed to specifically mention or discuss the 1985 deletion

of the words "after the making of the offer." As an intermediate appellate court, I do not believe that we are in a position to impliedly overrule *Bucko* by presuming that the supreme court must have made a mistake or erred when it concluded that the offeror in *Bucko* need only pay the costs and disbursements incurred from the date of its offer of settlement.

In a case decided after *Bucko,* the supreme court was asked to decide whether a prevailing party who has rejected a more favorable offer of settlement is required to bear its *own* expenses, in addition to those incurred by the offeror. *Borchert v. Maloney,* 581 N.W.2d 838, 840–41 (Minn.1998). The court discussed federal court practice, which precludes a prevailing party from taxing its own costs and disbursements. *Id.* at 840. The court chose to not follow federal court practice, however, and held that a prevailing party in Minnesota *is* entitled to tax its own costs and disbursements, against which the offeror's costs must be offset. *Id.* at 841. By so holding, our supreme court chose to reject a course that would have maximized the costs to an offeree who rejects a favorable offer of settlement. Contrary to the choice made by the supreme court in *Borchert,* the majority decision here chooses to maximize the cost to appellants by requiring that they pay all of respondent's costs and disbursements.

I therefore disagree with the majority's conclusion that the plain language of rule 68 requires us to tax all of respondent's costs and disbursement to appellants. Although the language limiting calculation of costs and disbursements to those incurred from the date of the offer has been deleted from rule 68, nothing in the current version of the rule prohibits courts from continuing to interpret the rule as allowing costs and disbursements only from the date the offer was made. Such an interpretation is sound, does not ignore the supreme court cases cited above that have continued to follow past Minnesota practice, and is not contrary to the public policy of encouraging settlements while not maximizing the costs to an offeree who rejects a favorable offer.

I would therefore reverse the district court and remand for calculation of costs and disbursements from the date respondent made his offer to appellants.