This opinion will be unpublished and
 may not be cited except as provided by
 Minn. Stat. § 480A.08, subd. 3 (2016).

 STATE OF MINNESOTA
 IN COURT OF APPEALS
 A16-1249

 Victoria L. Sloan,
 Appellant,

 vs.

 Kelly O’Neil,
 Respondent,

 Regina Sabbia,
 Respondent,

 Kerrie Cathcart,
 Respondent,

 Uptown Realty & Management LLC,
 Defendant

 Filed February 27, 2017
 Affirmed
 Worke, Judge

 Hennepin County District Court
 File No. 27-CV-14-12814

Susan Dickel Minsberg, St. Paul, Minnesota (for appellant)

Samuel Spaid, Minneapolis, Minnesota (for respondent Kelly O’Neil)

Joshua S. Casper, St. Paul, Minnesota (for respondent Regina Sabbia)

Craig Buske, Minneapolis, Minnesota (for respondent Kerrie Cathcart)

 Considered and decided by Halbrooks, Presiding Judge; Worke, Judge; and Jesson,

Judge.
 UNPUBLISHED OPINION

WORKE, Judge

 Appellant challenges the district court’s denial of her motion for costs and

disbursements. Because the district court did not abuse its discretion by determining that

appellant was not a prevailing party, we affirm.

 FACTS

 Appellant Victoria L. Sloan, through defendant Uptown Realty & Management

LLC, rented a house to respondents Kelly O’Neil, Regina Sabbia, and Kerrie Cathcart.

After discovering damage to the house, Sloan brought this action against respondents and

Uptown Realty alleging claims of breach of contract and willful destruction of property

against respondents and claims of breach of contract, negligent misrepresentation, and

unjust enrichment against Uptown Realty. Sloan settled her claims against Uptown Realty.

 The district court granted respondents’ motion for summary judgment on Sloan’s

willful-destruction-of-property claim. The district court determined that Sloan had “failed

to present any evidence indicating that her home’s damage was caused willfully and

maliciously.” The district court also determined that respondents were the prevailing party

as to this claim and awarded them attorney fees under Minn. Stat. § 504B.165(a) (2016).

 After a trial on Sloan’s breach-of-contract claim, a jury found that respondents

breached their lease and that they negligently caused $13,960 in damage to Sloan’s

property. The district court deducted $10,000 for Sloan’s settlement with Uptown Realty

and $2,700 for respondents’ security deposit and ordered respondents to pay Sloan $1,260.

The district court ordered Sloan to pay respondents a total of $7,000 in attorney fees for

 2
defending against the willful-destruction-of-property claim. In a recent opinion, we

affirmed the district court’s grant of summary judgment and award of attorney fees on the

willful-destruction-of-property claim and the district court’s decision to deduct the

settlement and the security deposit from the jury verdict. Sloan v. O’Neil, No. A16-0611,

2016 WL 7439093 (Minn. App. Dec. 27, 2016).

 The parties applied for costs and disbursements. The district court determined that

because Sloan prevailed on the breach-of-contract claim and respondents prevailed on the

willful-destruction-of-property claim, there was no overall prevailing party. Accordingly,

the district court denied all motions for costs and disbursements. This appeal followed.

 DECISION

 Under Minn. Stat. § 549.04 (2016), the district court must award a prevailing party

reasonable costs and disbursements. Dukowitz v. Hannon Sec. Servs., 841 N.W.2d 147,

155 (Minn. 2014). But the district court has “discretion to determine which party, if any,

qualifies as a prevailing party.” Benigni v. County of St. Louis, 585 N.W.2d 51, 54-55

(Minn. 1998). This court will only reverse the district court’s prevailing-party

determination if the district court “abused its discretion, exercised its discretion in an

arbitrary or capricious manner, or based its ruling on an erroneous view of the law.” Posey

v. Fossen, 707 N.W.2d 712, 714 (Minn. App. 2006) (quotation omitted). The party

challenging the district court’s decision has the burden to show that “no reasonable person

would agree” with the decision. Id. (quotation omitted).

 “In determining who qualifies as the prevailing party in an action, the general result

should be considered, and inquiry made as to who has, in the view of the law, succeeded

 3
in the action.” Borchert v. Maloney, 581 N.W.2d 838, 840 (Minn. 1998) (quotation

omitted). The prevailing party is the party “in whose favor the decision or verdict is

rendered and judgment entered.” Id. The right to recover costs and disbursements depends

on the final result on the merits of the action, not on “intermediate motions or preliminary

proceedings.” Elsenpeter v. St. Michael Mall, Inc., 794 N.W.2d 667, 673 (Minn. App.

2011) (quotation omitted).

 Sloan argues that “[s]ince the jury held that [respondents] were negligent and [she]

was damaged as a result, she is the prevailing party.” She claims that her case resembles

Borchert, wherein, despite the fact that the plaintiff’s recovery was less than the

defendant’s settlement offer, the supreme court affirmed the district court’s determination

that the plaintiff was the prevailing party because the plaintiff won a jury verdict and was

awarded damages. 581 N.W.2d at 839-40. Borchert is distinguishable. It involved a single

claim that was resolved in the plaintiff’s favor. Id. at 839. Here, there are two claims at

issue: the breach-of-contract claim and the willful-destruction-of-property claim. One

claim was resolved in Sloan’s favor, and the other was resolved in respondents’ favor.

 Sloan maintains that the district court’s grant of summary judgment to respondents

on her willful-destruction-of-property claim “did not dispose of the claim on the merits”

and “only disposed of [her] claim for attorney[] fees related to the damage.” But

“[s]ummary judgment is a determination on the merits.” Burma v. Stransky, 357 N.W.2d

82, 89 (Minn. 1984). And, Sloan’s willful-destruction-of-property claim was not merely

an intermediate claim for attorney fees, but a separate cause of action requiring proof of

facts distinct from her breach-of-contract claim. See Minn. Stat. § 504B.165(a) (“An action

 4
may be brought for willful and malicious destruction of leased residential rental property.

The prevailing party may recover actual damages, costs, and reasonable attorney fees, as

well as other equitable relief . . . .”); Sloan, 2016 WL 7439093, at *5 (stating that to survive

summary judgment Sloan had to “create a genuine issue of material fact on whether

respondents willfully and maliciously, rather than negligently, damaged [her] property”).

The district court’s summary-judgment order fully and finally disposed of the willful-

destruction-of-property claim in respondents’ favor.

 While Sloan won a jury verdict and prevailed on her breach-of-contract claim,

respondents prevailed on the willful-destruction-of-property claim. The district court

granted summary judgment to respondents on that claim and awarded them $7,000 in

attorney fees. When each party prevails in some substantive aspect of the litigation, the

district court may determine that there is no prevailing party for the purposes of awarding

costs and disbursements. Benigni, 585 N.W.2d at 55. The district court did not abuse its

discretion by refusing to name a prevailing party and denying Sloan’s motion for costs and

disbursements.

 Affirmed.

 5