**Steven ERNSTER, Appellant,**

v.

**Teddi M. SCHEELE, et al., Respondents.**

A16-1169

Court of Appeals of Minnesota.

Filed April 17, 2017

Isaac I. Tyroler, Charles D. Slane, TSR Injury Law, Bloomington, Minnesota (for appellant).

Peter M. Waldeck, Jason M. Stoffel, Waldeck Law Firm P.A., Minneapolis, Minnesota (for respondents).

Considered and decided by Peterson, Presiding Judge; Johnson, Judge; and Bjorkman, Judge.

## OPINION

PETERSON, Judge

In this appeal from a judgment that awarded respondents disbursements following a jury trial on the issue of damages, appellant argues that the district court erred by (1) denying appellant disbursements as the prevailing party under Minn. Stat. § 549.04; and (2) awarding respondents disbursements incurred after service of the first of two offers of judgment under Minn. R. Civ. P. 68.01, instead of disbursements incurred after service of the second offer. We reverse and remand.

## FACTS

Appellant Steven Ernster brought this negligence action against respondents Teddi M. Scheele and Terrance M. Scheele, seeking damages for injuries sustained in a motor-vehicle accident. On July 31, 2015, respondents served upon appellant under Minn. R. Civ. P. 68.01 a total-obligation offer of judgment in the amount of $50,000. On August 17, 2015, respondents served upon appellant under Minn. R. Civ. P. 68.01 a second total-obligation offer of judgment in the amount of $100,000. Appellant did not accept either offer.

Before trial, respondents admitted to liability and to appellant's past health-care expenses of $23,859.03. The issues of damages for past and future pain, disability, and emotional distress were tried to a jury. At trial, appellant asked the jury to award him $500,000, and respondents argued that appellant's recovery should be limited to $25,000.

The jury awarded appellant $15,000 for past pain, disability, and emotional distress and $5,000 for future pain, disability, and emotional distress, which, together with the $23,859.03 for admitted past health-care expenses, resulted in a total verdict of $43,859.03 for appellant.[1] After reducing the verdict amount by the amount of collateral-source benefits that appellant received, a judgment of $23,959.03 was entered in favor of appellant.

Both parties applied for costs and disbursements. Respondents argued that because the verdict for appellant was less than either of their offers of judgment and because the $20,000 that the jury awarded for past and future pain, disability, and emotional distress was less than the amount proposed by either party at trial, they were the prevailing parties and, therefore, they were entitled to recover all of their costs and disbursements. Alternatively, respondents argued that they were entitled to recover costs and disbursements that they incurred after their first offer of judgment was served on July 31, 2015.

The district court determined that because appellant obtained a judgment in his favor of more than $100, appellant was entitled to recover from respondents costs of $200.[2] But the court further determined

---

1. The district court denied appellant's motion for a new trial.

2. The statute that governs costs states:
 In actions commenced in the district court, costs shall be allowed as follows:

that because appellant was not the prevailing party, he was not entitled to recover his disbursements. The district court then determined that because the jury's verdict was less favorable to appellant than either of respondents' offers of judgment, respondents were the prevailing parties and appellant must pay respondents for the disbursements they incurred after service of their first offer of judgment on July 31, 2015.

This appeal followed.

## ISSUES

I. Did the district court err in determining that appellant was not entitled to recover disbursements because he was not the prevailing party?

II. Did the district court err in awarding respondents disbursements incurred after service of their July 31, 2015 offer of judgment?

## ANALYSIS

### I.

■ Appellant argues that the district court erred in determining that he was not the prevailing party and, therefore, he was not entitled to recover his disbursements. We first address respondents' argument that appellant did not preserve the prevailing-party issue for appeal because he did not object to respondents' prevailing-party argument before the district court. Generally, this court will address only those issues that the record shows were presented to and considered by the district court. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988).

Appellant applied for costs and disbursements. Although his application did not refer to Minn. Stat. § 549.04, that statute governs disbursements and provides that "[i]n every action in a district court, the prevailing party . . . shall be allowed reasonable disbursements paid or incurred." By applying for disbursements, appellant raised the issue of whether he was the prevailing party. The district court considered the issue and specifically determined that appellant was not the prevailing party.

In the district court, appellant did not specifically object to respondents' theory as to why they were the prevailing parties. But in objecting to respondents' application for disbursements, appellant argued that respondents were not entitled to disbursements because the district court had not determined that they were the prevailing parties and that, if the court determined that respondents were the prevailing parties, an award should be limited to disbursements incurred after the second offer of judgment was served on August 17, 2015. We, therefore, conclude that appellant preserved the prevailing-party issue for appeal.

■ The district court has "discretion to determine which party, if any, qualifies as a prevailing party." *Benigni v. County of St. Louis*, 585 N.W.2d 51, 54-55 (Minn. 1998). This court will reverse the district court's prevailing-party determination if the district court "abused its discretion, exercised its discretion in an arbitrary or capricious manner, or based its ruling on an erroneous view of the law." *Posey v. Fossen*, 707 N.W.2d 712, 714 (Minn. App. 2006) (quotation omitted). The party chal-

To plaintiff: (1) Upon a judgment in the plaintiff's favor of $100 or more in an action for the recovery of money only, $200. (2) In all other actions, including an action by a public employee for wrongfully denied

or withheld employment benefits or rights, except as otherwise specially provided, $200.

Minn. Stat. § 549.02, subd. 1 (2016). Neither party challenges the costs award to appellant.

lenging the district court's decision has the burden to show that "no reasonable person would agree" with the decision. *Id.* (quotation omitted).

■ The right to recover disbursements depends on the final result on the merits of the action, not on "intermediate motions or preliminary proceedings." *Elsenpeter v. St. Michael Mall, Inc.*, 794 N.W.2d 667, 673 (Minn. App. 2011) (quotation omitted). "In determining who qualifies as the prevailing party in an action, the general result should be considered, and inquiry made as to who has, in the view of the law, succeeded in the action." *Borchert v. Maloney*, 581 N.W.2d 838, 840 (Minn. 1998) (quotation omitted). The prevailing party is the party "in whose favor the decision or verdict is rendered and judgment entered." *Id.*

In *Borchert*, a passenger in an uninsured motor vehicle was injured when the vehicle was involved in a collision. *Id.* at 839. Borchert, the passenger, brought a negligence action against Maloney, the driver of the other vehicle, and rejected a $10,000 rule-68 settlement offer. *Id.* The case was tried to a jury, which awarded Borchert $11,651 in damages and attributed fault at 60% to Maloney and 40% to the uninsured driver. *Id.* After collateral-source offsets and a comparative-fault reduction, the district court ordered that judgment for $4,502.40 plus costs and disbursements be entered in Borchert's favor. *Id.* The district court also ordered Borchert to pay Maloney's costs and disbursements because the net judgment entered was less than Maloney's rule-68 settlement offer. *Id.*

The supreme court held that Borchert was the prevailing party under section 549.04. *Id.* at 839-40. In addressing the prevailing-party issue, the supreme court stated:

Maloney contends that Borchert was not the prevailing party in the trial of this matter because the final judgment she received was less than the amount of Maloney's Rule 68 settlement offer of $10,000. Specifically, Maloney argues that Borchert's rejection of the settlement offer operated as a claim that her damages exceeded $10,000, and therefore, to prevail in light of this claim, Borchert was required to obtain a final judgment in excess of $10,000. In response, Borchert argues that in this action she claimed Maloney was negligent and that his negligence caused her damages, that Maloney denied both of these claims, and that the jury returned a verdict finding that not only was Maloney in fact negligent, but also that Borchert sustained damages as a result of his negligence. As such, Borchert contends that she was the prevailing party, even though the net final judgment was less than Maloney's settlement offer.

. . . .

While Maloney was successful to some degree, in that the judgment against him that was more favorable than the Rule 68 settlement offer he made to Borchert, Borchert prevailed on the merits in the underlying action. The jury rendered a verdict that Maloney was negligent and that Borchert sustained injuries as a result of his negligence. Clearly, the verdict rendered and the judgment entered were in Borchert's favor. Thus, on the facts presented in this case, we conclude that Borchert is the prevailing party.

*Id.*

■ As in *Borchert*, the verdict rendered and the judgment entered in this case were in appellant's favor, which, under *Borchert*, makes appellant the prevailing party even though the judgment was more favorable to respondents than their

offers of judgment or their position at trial. Respondents argue, however, that this case is distinguishable from *Borchert* because, unlike Maloney, they did not contest negligence, or even medical expenses, and the sole issue at trial was the value of appellant's pain, disability, and emotional distress. Respondents contend that they "clearly prevailed on this sole issue."

But in *Rush v. Jostock*, 710 N.W.2d 570, 573, 582 (Minn. App. 2006), *review denied* (Minn. May 24, 2006), this court applied *Borchert* even though the defendant admitted liability and the sole issue before the jury at trial was damages. *Rush* was a motor-vehicle-accident case in which the defendant admitted liability, the plaintiff rejected a $35,000 rule-68 settlement offer, the issue of damages was tried to a jury, the plaintiff received a net damages award of $13,404.97, and the district court found that the plaintiff was not the prevailing party. 710 N.W.2d at 573, 581. Applying the rationale of *Borchert*, this court concluded that because the plaintiff was awarded $13,404.97, the district court erred in determining that she was not the prevailing party. *Id.* at 582-83.

 Respondents argue that this case is not controlled by *Rush* because the facts here are more complex than the facts in *Rush*. Respondents contend that because appellant valued damages at $500,000, they valued damages at $25,000, and the jury awarded $20,000 in damages, common sense dictates that they prevailed at trial. But under *Borchert* and *Rush*, the general result of an action, not the parties' positions or strategies that produced the result, should be considered when determining the prevailing party. The jury's rejection of what appears to have been appellant's unrealistic valuation of his damages does not alter the fact that appellant obtained a total verdict of $43,859.03 and a judgment of $23,959.03. This result makes appellant the prevailing party. We, therefore, conclude that the district court erred in determining that appellant is not allowed disbursements as the prevailing party under Minn. Stat. § 549.04.

## II.

 Appellant concedes that, even if he is the prevailing party, under the cost-shifting mechanism in Minn. R. Civ. P. 68.03(b)(1), he is required to pay respondents' disbursements incurred after service of an offer of judgment. Appellant argues, however, that he is required to pay only the disbursements that respondents incurred after service of their second offer of judgment on August 17, 2015, and the district court erred in awarding respondents the disbursements they incurred after service of their first offer of judgment on July 31, 2015. "The interpretation of the rules of civil procedure ... is a question of law that [appellate courts] review de novo." *TC/Am. Monorail, Inc. v. Custom Conveyor Corp.*, 840 N.W.2d 414, 417-18 (Minn. 2013). "[W]hile certain principles of statutory construction, e.g., plain language, may be helpful when interpreting court rules, other principles have no application." *Vandenheuvel v. Wagner*, 690 N.W.2d 753, 755 n.1 (Minn. 2005).

Minn. R. Civ. P. 68.01(a) provides:

At any time more than 10 days before the trial begins, any party may serve upon an adverse party a written damages-only or total-obligation offer to allow judgment to be entered to the effect specified in the offer, or to settle the case on the terms specified in the offer.

In accordance with rule 68.01, respondents served upon appellant on July 31 a total-obligation offer of judgment in the amount of $50,000. Appellant did not accept the offer. On August 17, respondents served upon appellant a second total-obligation offer of judgment, this time in the

amount of $100,000. Appellant did not accept the offer.

■ Rule 68 specifically allows a party to make another offer when an earlier offer is not accepted. The rule states: "The fact that an offer is made but not accepted does not preclude a subsequent offer. Any subsequent offer by the same party under this rule supersedes all prior offers by that party." Minn. R. Civ. P. 68.02(e). The common and ordinary meaning of "supersede" is "[t]o annul, make void, or repeal by taking the place of." *Black's Law Dictionary* 1667 (10th ed. 2014). Accordingly, under the plain language of rule 68.02(e), when respondents served their second offer of judgment, their first offer was repealed, and their second offer took the place of their first offer; their second offer became their only offer, and appellant did not accept that offer.

Minn. R. Civ. P. 68.03 addresses the effect of an unaccepted offer. It provides, in part:

> An unaccepted offer affects the parties' obligations and entitlements regarding costs and disbursements as follows:
>
> (1) If the offeror is a defendant, and the defendant-offeror prevails or the relief awarded to the plaintiff-offeree is less favorable than the offer, the plaintiff-offeree must pay the defendant-offeror's costs and disbursements incurred in the defense of the action after service of the offer, and the plaintiff-offeree shall not recover its costs and disbursements incurred after service of the offer, provided that applicable attorney fees available to the plaintiff-offeree shall not be affected by this provision.

Minn. R. Civ. P. 68.03(b)(1).

Respondents were the defendant-offeror, and appellant was the plaintiff-offeree. Respondents' second offer took the place of their first offer, and the relief awarded to appellant was less favorable than respondents' second offer. Thus, under the plain language of the rule, appellant must pay respondents' costs and disbursements incurred in the defense of the action after service of the second offer, and appellant shall not recover his costs and disbursements incurred after service of the second offer. We, therefore, reverse the judgment awarding respondents disbursements and remand to permit the district court to award appellant disbursements he incurred before service of respondents' offer of judgment on August 17 and to award respondents disbursements they incurred after service of their offer of judgment on August 17.

## DECISION

Because the result of appellant's action against respondents was that appellant obtained a verdict and a judgment of $23,959.03 against respondents, appellant was the prevailing party, and he is allowed disbursements under Minn. Stat. § 549.04. But because the judgment was less favorable to appellant than respondents' second offer of judgment, appellant is entitled to recover from respondents only the disbursements he incurred before service of the second offer of judgment, and he must pay respondents' disbursements incurred after service of the second offer of judgment.

**Reversed and remanded.**