Michael A. Bryant, Bradshaw & Bryant, PLLC, Waite Park, Minnesota (for respondent)
Karen Cote, David M. Werwie & Associates, St. Paul, Minnesota (for appellant)
Considered and decided by Smith, Tracy M., Presiding Judge; Halbrooks, Judge; and Klaphake, Judge.*
HALBROOKS, Judge *909 Appellant-offeror contends that the district court erred under Minn. R. Civ. P. 68.03(b)(1), (3) by awarding respondent-offeree costs and disbursements incurred after service of appellant's rule 68 total-obligation offer, which was more favorable than the relief ultimately awarded to respondent. We reverse and remand.
FACTS
Respondent Cody Reid Althaus brought this negligence action against appellant Katie Lynn Krueger, seeking damages for injuries sustained in a motor-vehicle collision. Pursuant to Minn. R. Civ. P. 68.01, Krueger served Althaus with a total-obligation offer of judgment in the amount of $21,500, which Althaus rejected. The jury returned a special verdict finding Althaus 35% at fault and Krueger 65% at fault, and awarding Althaus $22,300.60 for property damage, past pain and suffering, past healthcare expenses, past healthcare diagnostic expenses, and past wage loss.
After collateral-source offsets and comparative-fault reduction, the district court determined that Althaus was the prevailing party under Minn. Stat. §§ 549.02, subd. 1(1), .04, subd. 1 (2018), and awarded him costs and disbursements incurred both before and after the offer of judgment. With respect to rule 68.03, the district court determined that the relief awarded to Althaus was less favorable than the offer. Applying rule 68.03(b)(1), the district court awarded Krueger certain costs and disbursements incurred after service of the offer, but declined to award other items, including Krueger's expert-witness expenses. The district court cited its discretion under rule 68.03(b)(3) to reduce the amount of an obligation imposed under the rule in order to eliminate an undue hardship or inequity. The district court reasoned that, because liability was the focus at trial, and the jury was not persuaded by Krueger's expert, an award of costs arising from that testimony would "result in an undue hardship and inequity to the jury's ultimate factual findings."
Krueger moved for relief from the judgment pursuant to Minn. R. Civ. P. 60.01 and 60.02, arguing in relevant part that the district court erred in awarding Althaus costs and disbursements incurred after service of the offer of judgment. The district court amended its rulings and calculations in part, but reaffirmed its award to Althaus of costs and disbursements incurred after service of the offer. The district court specifically declined to deduct costs and disbursements relating to trial testimony by Althaus's treating doctor. The district court reasoned that deducting those items "would be inequitable under rule 68.03(b)(3)," and "would completely undermine [Althaus]'s right to call witnesses in the case in chief, in particular treating doctors" and that it would "undermine, or at a minimum chill, a party's constitutional right to trial by jury," and would change the "long history and practice, in personal injury litigation" of the timing of work with expert witnesses.
This appeal follows.
ISSUE
Did the district court err under Minn. R. Civ. P. 68.03(b)(1), (3), by awarding costs and disbursements incurred by the plaintiff-offeree after service of the offer of judgment?
ANALYSIS
Krueger contends that the district court misinterpreted Minn. R. Civ. P. 68.03(b)(1), (3), resulting in an improper $10,536.68 award of costs and disbursements incurred by Althaus after service of *910 the offer of judgment. Krueger argues that when rule 68.03(b)(1) applies, post-offer costs and disbursements are not recoverable by the plaintiff-offeree under the plain language of rule 68.03(b)(1), nor may they be awarded as an exercise of the district court's discretion under rule 68.03(b)(3). Interpretation of the Minnesota Rules of Civil Procedure presents a question of law that appellate courts review de novo. Gams v. Houghton , 884 N.W.2d 611, 616 (Minn. 2016).
Under rule 68.03(b)(1) :
If the offeror is a defendant, and the defendant-offeror prevails or the relief awarded to the plaintiff-offeree is less favorable than the offer , the plaintiff-offeree must pay the defendant-offeror's costs and disbursements incurred in the defense of the action after service of the offer, and the plaintiff-offeree shall not recover its costs and disbursements incurred after service of the offer , provided that applicable attorney fees available to the plaintiff-offeree shall not be affected by this provision.
(Emphasis added.) The district court concluded, and it is undisputed on appeal, that the relief awarded to Althaus was less favorable than the total-obligation offer made by Krueger. Rule 68.03(b)(1) therefore applies, and the only question before this court is whether the district court properly awarded Althaus costs and disbursements incurred after service of the rejected, more favorable offer.
When interpreting a rule of civil procedure, "we first look to the plain language of the rule and its purpose." Rubey v. Vannett , 714 N.W.2d 417, 421 (Minn. 2006). Rule 68.03(b)(1) states that when "the relief awarded to the plaintiff-offeree is less favorable than the offer ... the plaintiff-offeree shall not recover its costs and disbursements incurred after service of the offer." Thus, under the plain language of rule 68.03(b)(1), the plaintiff "shall not" recover his post-offer costs and disbursements if the defendant offered to settle for more than the relief ultimately awarded to the plaintiff. Therefore, although Althaus is entitled, as the prevailing party under Minn. Stat. §§ 549.02, .04, to pre-offer costs and disbursements, by operation of rule 68.03(b)(1) Althaus cannot recover costs and disbursements incurred after service of the offer.[1]
The district court nevertheless concluded that an award of post-offer costs and disbursements was within its discretion by application of rule 68.03(b)(3). "If the court determines that the obligations imposed under this rule as a result of a party's failure to accept an offer would impose undue hardship or otherwise be inequitable, the court may reduce the amount of the obligation to eliminate the undue hardship or inequity." Minn. R. Civ. P. 68.03(b)(3) (emphasis added). The heart of this appeal is the district court's reliance on rule 68.03(b)(3) as a basis to award Althaus costs and disbursements incurred after service of the offer, in contravention of the plain language of rule 68.03(b)(1). Krueger contends that an award to Althaus of costs and disbursements incurred after service of the offer is not a reduction in "the obligations imposed under this rule." We agree.
The district court focused on its "latitude to also weigh hardships and equity," but did not identify any "obligations imposed under this rule" that it reduced "to *911 eliminate the undue hardship or inequity." See Minn. R. Civ. P. 68.03(b)(3). In response to Krueger's argument on appeal, Althaus has not identified any obligation imposed under rule 68.03(b)(1) that the district court reduced through its award of post-offer costs. Nor do we discern one.
To aid in illustrating the mechanics of rule 68.03(b), we observe that it is undisputed on appeal that the district court properly exercised its discretion under rule 68.03(b)(3) to decline to award Krueger expert-witness costs and disbursements. Because the relief awarded to Althaus was less favorable than the rejected offer, Althaus was obligated under the rule to "pay the defendant-offeror's costs and disbursements incurred in the defense of the action after service of the offer." See Minn. R. Civ. P. 68.03(b)(1). Krueger incurred expert-witness costs and disbursements after service of the offer. But because Althaus's obligation to pay Krueger's post-offer costs and disbursements was an "obligation[ ] imposed under this rule as a result of [Althaus's] failure to accept an offer," the district court had discretion to reduce the amount of that obligation "to eliminate the undue hardship or inequity." See Minn. R. Civ. P. 68.03(b)(3).
In contrast, the district court's award of post-offer costs and disbursements to Althaus was not a reduction in the amount of an obligation imposed under the rule. We therefore conclude that rule 68.03(b)(3) cannot support the award. Put another way, rule 68.03(b)(3) affords the district court discretion to reduce an obligation imposed by rule 68, such as Althaus's obligation to pay Krueger's post-offer expert-witness costs and disbursements, but does not afford the district court discretion to impose an obligation on Krueger that is contrary to the plain language of rule 68.03(b)(1). There being no basis under rule 68.03(b)(3) to award post-offer costs and disbursements, the express language of rule 68.03(b)(1) controls, and Althaus "shall not recover [his] costs and disbursements incurred after service of the offer."
Although not binding, see Borchert v. Maloney , 581 N.W.2d 838, 840 (Minn. 1998), the advisory committee comments to the 2008 amendments to rule 68 support our interpretation.
Rule 68.03(b)(1) changes the effect of Rule 68 on costs and disbursements when a defendant's offer is rejected and the judgment is less favorable to the plaintiff offeree. Under the former rule, the offeree would nevertheless recover its costs and disbursements from the offeror. Borchert v. Maloney , 581 N.W.2d 838 (Minn. 1998). The revised rule provides that the offeree does not recover its costs and disbursements incurred after service of the offer. ...
... [U]nder the revised rule, a plaintiff who rejects a Rule 68 offer suffers dual adverse consequences: loss of the right to recover his costs and required payment of the defendant's costs.
Minn. R. Civ. P. 68.03 2008 advisory comm. cmt. The 2008 advisory committee comment also states that "[t]he overarching goal of this set of amendments is to add certainty to the operation of the rule and to remove surprises both to parties making offers and those receiving and deciding whether to accept them." Id.
The text of rule 68.03(b)(1) states that a plaintiff-offeree who rejects an offer of judgment that was more favorable than the relief ultimately awarded shall not recover costs incurred after service of the offer. Rule 68.03(b)(3) affords no discretion to the district court to override this express language and award post-offer costs and disbursements to avoid an undue hardship or inequitable result.
*912 DECISION
An award of post-offer costs and disbursements to a plaintiff-offeree whose relief awarded is less favorable than the offer is not authorized by rule 68.03(b)(1), (3). The district court erred by awarding Althaus costs and disbursements incurred after service of Krueger's offer of judgment. We reverse and remand for a redetermination of costs and disbursements in a manner consistent with this opinion.
Reversed and remanded.

Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

The purpose of Minn. R. Civ. P. 68.01 -.03 is to encourage settlement. See Everson v. Kapperman , 343 N.W.2d 19, 21 (Minn. 1984) ; see also Minn. R. Civ. P. 68.03 2008 advisory comm. cmt. ("Rule 68 is extensively revamped both to clarify its operation and to make it more effective in its purpose of encouraging the settlement of litigation.").