KATZ & LANGE, LTD., Respondent,

v.

Katherine A. BEUGEN, a.k.a. Katherine A. Williams, Appellant.

No. C0-84-878.

Court of Appeals of Minnesota.

Oct. 23, 1984.

Larry Schmidthuber, Minneapolis, for respondent.

Lynnel L. Jones, Minneapolis, for appellant.

Heard, considered and decided by SEDGWICK, P.J., and HUSPENI and NIERENGARTEN, JJ.

## OPINION

SEDGWICK, Judge.

This is an appeal from a judgment filed February 20, 1984, against appellant Katherine Beugen-Williams in the amount of $9,066.95 for unpaid legal fees. We affirm.

## FACTS

In 1975 appellant Katherine Beugen-Williams retained respondent Katz & Lange, Ltd (attorney Katz) to represent her in a contemplated marriage dissolution proceeding against her husband. The proceeding was abandoned and the parties reconciled. Katz was again retained in 1977 by Williams to dissolve her marriage. A judgment and decree was filed on February 23, 1979.

Williams was sent monthly statements from July 27, 1977, through August 31, 1980, for services rendered. The complete billing sent to Williams was generated by a computer system. Williams made payments on account totalling $13,528.35. Disbursements, consisting of real estate appraisals, filing fees, witness fees, service fees and depositions, totaled $4,533.37.

Commencing March 9, 1980 a service charge of 6% per annum was applied against Williams' account. On April 15, 1982, the rate increased to 12% per annum. There was no agreement between the parties regarding finance charges.

Katz sued Williams seeking $15,550.56 for legal services rendered between April 18, 1975, and August 30, 1980.

The trial court found the reasonable value of the legal services rendered to be $18,154.88, plus disbursements of $4,440.42. Since Williams had paid $13,528.35, the court ordered judgment of $9,066.95 in favor of Katz. Williams appealed.

## ISSUES

1. Did Katz charge a usurious interest rate within the meaning of Minn.Stat. § 334.03 (1982)?

2. Whether, upon the record submitted, the trial court's finding of the reasonable value of the legal services is clearly erroneous?

## ANALYSIS

Interest of 12% per annum was billed by Katz commencing April 15, 1982. In Minnesota:

[t]he interest for any legal indebtedness shall be at the rate of $6 upon $100 for a year, unless a different rate is contracted for in writing. No person shall directly or indirectly take or receive in money, goods, or things in action, or in any other way, any greater sum, or any greater value, for the loan or forbearance of money, goods, or things in action, than $8 on $100 for one year.

Minn.Stat. § 334.01, subd. 1 (Supp.1983). Usurious contracts are void. Minn.Stat. § 334.03 (1982).

"Whether a transaction is usurious is ordinarily a question of fact." *Kantack v. Kreuer*, 280 Minn. 232, 240, 158 N.W.2d 842, 848 (1968). Four conditions must be satisfied before a transaction can be usurious: "(a) A loan of money or forbearance of a debt; (b) an agreement between the parties that the principal shall be repayable absolutely; (c) the exaction of a greater amount of interest or profit than is allowed by law; and (d) the presence of an intention to evade the law at the inception of the transaction." *Rathbun v. W.T. Grant Co.*, 300 Minn. 223, 230, 219 N.W.2d 641, 646 (1974).

Williams did not make payments after April 15, 1982, while a usurious interest rate was being charged; all payments on account had been made before this time. Katz did not receive any money representing interest. His complaint claimed only legal fees net of any finance charges. The interest referred to in Katz's complaint was in regard to the claim that Williams' debt was liquidated, which would entitle Katz to pre-judgment interest on the debt pursuant to *Polaris Industries v. Plastics, Inc.*, 299 N.W.2d 414, 418–19 (Minn.1980).

█ Although the interest rate of 12% per annum was usurious, Williams' counterclaim seeking to have the entire underlying debt declared void is too harsh under the circumstances. *Rathbun*, 300 Minn. at 242, 219 N.W.2d at 653. Forfeiture of all finance charges is a sufficient remedy.

## II

█ The reasonableness of attorney's fees "is a question of fact to be determined by the evidence submitted, the facts disclosed by the record of the proceedings, and the court's own knowledge of the case." *State v. Paulson*, 290 Minn. 371, 373, 188 N.W.2d 424, 426 (1971). A trial court's findings on the issue of attorney's fees should be upheld unless clearly erroneous. *See* Minn.R.Civ.P. 52.01; *Amerman v. Lakeland Development Corp.*, 295 Minn. 536, 537, 203 N.W.2d 400, 400–01 (1973).

In Minnesota, in awarding attorney's fees, there must be "a determination of reasonable value based upon proof thereof or the court's observation of the services performed." *Larson-Roberts Electric Co. v. Burdick*, 267 Minn. 486, 489, 127 N.W.2d 163, 165 (1964). In *Borchert v. Borchert*, 279 Minn. 16, 154 N.W.2d 902 (1967), the court held that "a letter and a statement itemizing, without placing a value thereon, some of the work done by defendant's counsel" was not sufficient proof of the value of the services. *Id.* at 21, 154 N.W.2d at 906.

The trial court had before it for review the family court record. Williams' divorce involved issues of custody, child support, visitation problems, spousal maintenance issues, real estate and marital versus non-marital assets. It was a complicated case with one appeal already taken to this court. *See Beugen v. Beugen*, 352 N.W.2d 821 (Minn.Ct.App.1984).

█ In addition, the court had available to it the copies of billing statements sent to Williams by Katz as proof of both the accuracy and the amount of the fees. The billing statements give a description of the services performed, the dates on which rendered, the amount for those services and the amounts for which disbursements were charged against her account. Attorney Katz also testified as to the services he performed during the trial in December 1978 on behalf of Williams. The amounts allowed for attorney's fees are supported by substantial evidence.

## DECISION

Although the interest rate charged by Katz was usurious, having the entire underlying debt declared void is too harsh under the circumstances; forfeiture of all finance charges is a sufficient remedy.

The amounts allowed for attorney's fees by the trial court are supported by substantial evidence.

Affirmed.