**John BACHOVCHIN, Respondent,**

v.

**Roger STINGLEY, Defendant and Third-Party Plaintiff, Appellant,**

v.

**Donald CHESNEY, et al., Respondents.**

**No. C4–93–146.**

Court of Appeals of Minnesota.

Aug. 17, 1993.

Robert N. Roningen, Duluth, for John Bachovchin, Respondent.

Stephanie A. Ball, Fryberger, Buchanan, Smith & Frederick, P.A., Duluth, for Roger Stingley, defendant and third-party plaintiff, Appellant.

Mark A. Munger, MacDonald, Munger, Downs & Munger, Duluth, for Donald Chesney, et al., Respondents.

Considered and decided by LANSING, P.J., and CRIPPEN and SCHUMACHER, JJ.

## OPINION

LANSING, Judge.

In an appeal from the denial of posttrial motions for taxable costs, disbursements, attorney's fees, and statutory penalties, we affirm the district court's holding that actual damages are a necessary predicate to penalties and remedies provided in Minn. Stat. § 325E.16 (1992).

## FACTS

This is a dispute over court costs and statutory penalties in litigation arising from Roger Stingley's sale of a car to John Bachovchin of Pike Lake Motors. Bachovchin alleged that Stingley misrepresented the car's mileage as 55,922 rather than disclosing the actual figure of 155,922 miles. Stingley defended by claiming that he believed the figure to be accurate based on the mileage represented to him when he bought the car from Donald Chesney and Airport Auto Sales of Duluth. Stingley also filed a third-party complaint against Chesney and Airport Auto Sales, alleging fraudulent or false representation about the car's mileage.

The jury found by special verdict that Stingley did not make a fraudulent or false representation to Bachovchin; Chesney did make a fraudulent or false representation of a material fact to Stingley, but Stingley did not suffer any harm or damage as a result of his reliance on the false representation; Chesney was negligent with respect to the representations he made to Stingley about the car's mileage but such negligence did not cause any damage; and Chesney knew the car's true mileage but transferred title to the car to Stingley without disclosing in writing that the mileage registered on the car's odometer was not the true mileage.

After a series of posttrial motions, the district court entered an amended judgment allowing Stingley taxable costs and disbursements against original plaintiff Bachovchin, but denied Stingley's request for costs, disbursements, attorney's fees and statutory penalties against third-party defendant Chesney. Stingley appeals from the amended judgment.

## ISSUE

Did the district court err in denying defendant/third-party plaintiff's motions for taxable costs, attorney's fees, and statutory penalties against third-party defendant?

## ANALYSIS

Minn.Stat. § 325E.16 provides that an injured person may recover costs

and disbursements, including attorney's fees, and increased damages when Minn. Stat. § 325E.15 (1992) has been violated. Minn.Stat. § 325E.15 requires any person who transfers a motor vehicle to disclose in writing to the transferee the true mileage registered on the odometer or disclose that the actual mileage is different from that displayed on the odometer.

The jury found that Chesney violated Minn.Stat. § 325E.15. Stingley asserts that he was "injured" within the meaning of the statute even though the jury found he suffered no damages. In our view Stingley's reading is at odds with the plain meaning of the statute.

The language of Minn.Stat. § 325E.16, subd. 3 links the notion of "injury" to the concept of "damages," with a further link between damages and an award of costs, disbursements, and attorney's fees. The subdivision states that

> [a]ny person *injured* by a violation of sections 325E.13 to 325E.16 shall recover *the actual damages* sustained *together with* costs and disbursements, including a reasonable attorney's fee * * *.

(Emphasis added.) The use of the definite article "the" before "actual damages" indicates that in order to be "injured" under the statute, a person must necessarily have been awarded actual damages. In addition, the phrase "together with" suggests that an award of damages is a prerequisite for any award of costs, disbursements, or attorney's fees.

This court interpreted similar language in Minn.Stat. § 8.31, subd. 3a in *Love v. Amsler*, 441 N.W.2d 555 (Minn.App.1989), *pet. for rev. denied* (Minn. Aug. 15, 1989). *Love* is factually distinguishable because actual damages were awarded in that case. Although one sentence in *Love* broadly aggregates the cost of defense with actual damages in analyzing whether there was an "injury" under Minn.Stat. § 8.31, subd. 3a, the fact remains that damages were awarded in *Love*. There may be reasons to include within the statute's protection persons who suffer no actual damage when required to incur costs of defense. But this extension would require legislative ac-

tion. We are persuaded that the current language of Minn.Stat. § 325E.16, subd. 3 makes it clear that a party must sustain actual damages in order to recover attorney's fees, costs, and disbursements.

■ We also affirm the denial of Stingley's request for statutory penalties of $1,500 pursuant to the last clause of Minn. Stat. § 325E.16, subd. 3. That provision allows "the court in its discretion [to] *increase the award* of damages to an amount not to exceed three times the actual damages sustained or $1,500, whichever is greater." (Emphasis added.) Here the jury rejected a damage award for Stingley, and thus there is nothing for the court to increase.

■ Finally, Stingley claims he is entitled to recover disbursements under a separate statute. Minn.Stat. § 549.04 allows a prevailing party in a district court action to recover disbursements paid or incurred. The district court has discretion to determine who is a "prevailing party." *In re Gershcow's Will*, 261 N.W.2d 335, 340 (Minn.1977); *see, e.g., Kusniryk v. Arrowhead Regional Corrections Bd.*, 413 N.W.2d 182, 184 (Minn.App.1987) (sustaining trial court's determination that plaintiff who was found equally negligent as defendant but was awarded damages by jury was prevailing party under 549.04).

In a factually similar case, the Minnesota Supreme Court held that where the trial court finds that the buyer of a used car was defrauded by the seller but suffered no damages, the court should enter judgment for the seller. *Lehman v. Hansord Pontiac Co.*, 246 Minn. 1, 12, 74 N.W.2d 305, 312 (1955). The supreme court held that the buyer was not entitled to recover costs and disbursements, stating "[t]here was no money recovery and he was not legally the prevailing party." *Id.* In light of this precedent and the discretion afforded a district court, the court here did not err when it determined that Stingley did not "prevail" in his action against Chesney

for purposes of Minn.Stat. § 549.04.[1]

### DECISION

A person who sustains no actual damages is not entitled to an award of costs and disbursements, including attorney's fees, under Minn.Stat. § 325E.16, subd. 3. The district court properly denied posttrial motions under this statute and did not abuse its discretion by finding that Sting- ley was not a prevailing party under Minn. Stat. § 549.04.

**Affirmed.**

1. Stingley did not enforce the district court's allowance of court costs against plaintiff Ba- chovchin, the party against whom Stingley clearly prevailed.