Carol J. POSEY, individually, and as Trustee for the next-of-kin of Thomas Myron Posey, Deceased, Plaintiff,

and

Lake Park and Cuba Insurance Company, as the subrogee of Carol J. Posey and Thomas Myron Posey, Deceased, Intervenor,

v.

Richard FOSSEN and Gary Dillon d/b/a Fossen Oil & Propane and Fossen Oil & Propane, L.L.P., Appellants,

Western Petroleum Company, et al., Defendants,

and

Richard Fossen and Gary Dillon d/b/a Fossen Oil & Propane and Fossen Oil & Propane, L.L.P., third-party plaintiffs, Appellants,

v.

Uponor Aldyl Company, Inc., a foreign corporation, third-party defendant, Respondent.

No. A05–691.

Court of Appeals of Minnesota.

Jan. 3, 2006.

Joseph F. Lulic, Matthew R. Cromheecke, Hanson, Lulic & Krall, Minneapolis, MN, for appellants.

Michael Barrett, Cousineau, McGuire & Anderson, Chartered, Minneapolis, MN, for respondent.

Considered and decided by HALBROOKS, Presiding Judge, KLAPHAKE, Judge, and WRIGHT, Judge.

## OPINION

KLAPHAKE, Judge.

In this negligence action, appellants Richard Fossen and Gary Dillon, d/b/a Fossen Oil & Propane, and Fossen Oil & Propane, L.L.P., challenge the district court's award of costs and disbursements to respondent Uponor Aldyl Company, Inc. The district court concluded that respondent, who was the third-party defendant in the underlying negligence action, was the prevailing party as to appellants, the third-party plaintiffs below, and thus was entitled to an award of costs and disbursements from appellants under Minn.Stat. §§ 549.02, 549.04 (2004). Appellants argue that because they prevailed in the underlying negligence action as to plaintiff Carol J. Posey, based on comparative fault, the district court abused its discretion by awarding costs and disbursements to respondent.

Because appellant has failed to sustain its burden of proof that the district court's decision is against logic and the facts on the record, we affirm.

## FACTS

Plaintiff Carol J. Posey, individually and as trustee for the next-of-kin of her deceased husband, Thomas Posey, filed a negligence action against appellants, alleging defective installation of a propane heating system in the Posey home. Appellants brought a third-party suit against respondent, alleging that if appellants "be called

upon by way of settlement, verdict, judgment, compromise, or otherwise to make payment to [Posey], that it be awarded judgment of contribution and/or indemnity from [respondent]." Shortly before trial, respondent's motion for summary judgment was denied by the district court and Posey amended her complaint to allege negligence by respondent.

After trial, the jury returned a verdict of 90% negligence by decedent Thomas Posey, 10% by appellants, and none by respondent. The district court entered an order dismissing Posey's complaint against appellants and respondent, and awarding them costs and disbursements against Posey. Posey, who dismissed her individual claims, appealed the award of costs and disbursements, arguing that she was not liable individually, but only as trustee; the district court ruled in her favor.

Respondent thereafter appealed from the award of costs and disbursements, arguing that it was the prevailing party in the third-party action, and thus entitled to costs and disbursements from appellants. The district court ruled in favor of respondent, permitting taxation of respondent's costs and disbursements against appellants under Minn.Stat. §§ 549.02, 549.04 (2004). Appellants now argue that the district court erred by determining that respondent was a prevailing party under the third-party complaint.

### ISSUE

Did the district court abuse its discretion by determining that respondent had prevailed on the third-party complaint for purposes of an award of costs and disbursements under Minn.Stat. §§ 549.02, 549.04 (2004)?

### ANALYSIS

■ Under Minn.Stat. §§ 549.02, 549.04 (2004), the district court has discretion to determine not only the amount of an award of costs and disbursements, but also who the prevailing party is for purposes of such an award. *In re Gershcow's Will,* 261 N.W.2d 335, 340 (Minn.1977); *Bachovchin v. Stingley,* 504 N.W.2d 288, 290 (Minn. App.1993); *Kusniryk v. Arrowhead Reg'l Corrections Bd.,* 413 N.W.2d 182, 184 (Minn.App.1987).

■ This district court abuses its discretion when its decision is against logic and facts on the record. *See O'Donnell v. O'Donnell,* 678 N.W.2d 471, 474 (Minn. App.2004). When a district court has discretion, it will not be reversed unless it "abused its discretion, exercised its discretion in an arbitrary or capricious manner, or based its ruling on an erroneous view of the law." *Montgomery Ward & Co. v. County of Hennepin,* 450 N.W.2d 299, 306 (Minn.1990). The party challenging the district court's exercise of discretion has the burden of proof—"a burden which is met only when it is clear that no reasonable person would agree [with] the trial court's assessment [of sanctions]." *Patton v. Newmar Corp.,* 538 N.W.2d 116, 119 (Minn.1995) (quoting *Marrocco v. Gen'l Motors Corp.,* 966 F.2d 220, 223 (7th Cir. 1992)).

■ Different factors enter into the determination of prevailing party status. A plaintiff who succeeds on the merits but recovers no damages may not be considered a prevailing party. *See, e.g., Lehman v. Hansord Pontiac Co.,* 246 Minn. 1, 12, 74 N.W.2d 305, 312 (1955); *Bachovchin,* 504 N.W.2d at 290–91. A plaintiff who prevails on the merits of a negligence action, but recovers less than a settlement offer, can be awarded costs and disbursements, but also can be required to pay costs and disbursements to the defendant. *Borchert v. Maloney,* 581 N.W.2d 838, 840–41 (Minn.1998). A plaintiff who pre-

vails on the merits and is awarded damages by the jury, but fails to reach the no-fault thresholds, thus causing a reduction of the verdict to zero by operation of law, is not the prevailing party for purposes of an award of costs and disbursements. *Luna v. Zeeb*, 633 N.W.2d 540, 543–44 (Minn.App.2001). Although seemingly contradictory, each of these matters depends on a careful weighing of the relative success of the parties to a lawsuit, a process that invests a certain amount of discretion in the district court.

The district court here justified its determination that the third-party defendant was a prevailing party as to defendant/third-party plaintiff based on several considerations. First, Posey's expert witness opined that respondent was not negligent and Posey supported respondent's motion for summary judgment. Posey amended her complaint only after the summary judgment motion was denied, thus requiring that the issue of respondent's liability be submitted to the jury. Second, at trial, appellants' expert testified that respondent had negligently failed to warn because of inadequate installation instructions. Posey did not offer evidence as to respondent's negligence. Third, respondent was found 0% negligent, and appellants were found 10% negligent, thus escaping liability because of comparative fault. Finally, respondent was required to incur costs in its defense only because of appellants' claims against it. Based on these facts, the district court reasoned that respondent had prevailed as to the third-party complaint. This is the type of pragmatic analysis the district court must make in identifying the prevailing party. *See Luna*, 633 N.W.2d at 543; 2 David F. Herr & Roger S. Haydock, *Minnesota Practice* § 54.25 at 247 (4th ed.2004).

## DECISION

Because the district court's decision to award costs and disbursements is supported by the facts on record and is not against logic, we affirm.

**Affirmed.**