*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1641**

Timothy T. Childs, et al.,
Appellants,

vs.

North River Road Condominium Association,
Respondent

**Filed August 10, 2015
Affirmed
Worke, Judge**

Hennepin County District Court
File No. 27-CV-13-4261

Larry E. Reed, Law Offices of Larry E. Reed, Minneapolis, Minnesota (for appellants)

Tamara O'Neill Moreland, Larkin, Hoffman, Daly & Lindgren, Ltd., Minneapolis, Minnesota (for respondent)

Considered and decided by Hudson, Presiding Judge; Worke, Judge; and Willis, Judge.[*]

_____

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**WORKE**, Judge

Appellants challenge the district court's determinations arising out of a partial grant of summary judgment followed by a jury trial. Respondent cross-appeals on the district court's determination regarding attorney fees. We affirm.

## FACTS

Respondent North River Road Condominium Association (NRR) is a non-profit corporation organized as the association for North River Road Industrial Condominiums (the property). Appellants Timothy Childs (Childs) and TLC Education Foundation (TLC)[1] own one of the eight condominiums that comprise the property. Since 1997, TLC has several times been significantly delinquent on required association dues, which NRR is responsible for collecting. NRR, taking action it believed to be proper according to its declarations and bylaws, placed liens on the property, which included, inter alia, amounts for attorney fees and costs. NRR then foreclosed or attempted to foreclose on TLC several times. Sometimes TLC would pay the amounts due, resulting in cancellation of the foreclosure; the property was twice sold at a sheriff's sale, but TLC redeemed the property each time. Following the most recent attempt at foreclosure, TLC sued NRR via a 15-count complaint, alleging that the foreclosures were illegal, that NRR's assessments for attorney fees were improper, and that NRR had taken action not permitted by its bylaws. NRR responded with a counterclaim for attorney fees and costs.

---

[1] "TLC" refers to collectively to Childs and TLC. Childs owned the property during the early stages of the longstanding dispute between the parties, but eventually transferred his interest to TLC via warranty deed.

The district court disposed of some of TLC's claims on summary judgment. The remaining counts were tried to a jury. The jury found that NRR did not properly assess certain fees, and awarded TLC $4,500. But the jury also found that NRR was entitled to attorney fees and costs stemming from the many foreclosures. NRR requested fees and costs in excess of $138,000, but the district court reduced this amount to $83,236 for attorney fees.

TLC brought posttrial motions, which were denied. This appeal follows.

## D E C I S I O N

### *Attorney disqualification*

TLC first argues that the district court erred by not disqualifying NRR's attorney. A district court's decision regarding disqualification of counsel is reviewed for abuse of discretion. *State ex rel. Swanson v. 3M Co.*, 845 N.W.2d 808, 816 (Minn. 2014).

This issue is not properly before this court, because TLC failed to raise this issue before the district court. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988). TLC raised the issue of attorney disqualification only about seven months *prior* to trial. In denying TLC's motion, the district court indicated that disqualification was not appropriate at the time, stating that if the case ultimately went to trial TLC could make a motion in limine for her disqualification.

Although the case eventually did go to trial, TLC made no motion in limine, as the district court had suggested. It did not include the attorney on its potential witness list. TLC attempts to refer to the giving of a jury instruction as the time when they realized

that they should have again attempted to disqualify the attorney, but even thereafter failed to present the issue in a motion for a new trial.

*Partial summary judgment*

TLC next takes issue with the district court's grant of partial summary judgment. "We review a district court's summary judgment decision de novo. In doing so, we determine whether the district court properly applied the law and whether there are genuine issues of material fact that preclude summary judgment." *Riverview Muir Doran, LLC v. JADT Dev. Grp., LLC*, 790 N.W.2d 167, 170 (Minn. 2010) (citation omitted). "[T]here is no genuine issue of material fact . . . when the nonmoving party presents evidence which merely creates a metaphysical doubt as to a factual issue and which is not sufficiently probative with respect to an essential element of the nonmoving party's case to permit reasonable persons to draw different conclusions." *DLH, Inc. v. Russ*, 566 N.W.2d 60, 71 (Minn. 1997).

TLC first argues that the district court's in camera review of billing records was improper. It claims that it "could not respond" to the documents because they had "never seen" them. This claim is contradicted by the record. TLC was provided in discovery with all of the invoices that NRR received from its attorneys. It was provided in discovery detailed descriptions of all the charges and assessments levied against it. TLC's objection seems only that it was given redacted versions in discovery and only in camera were the unredacted versions able to be viewed. In camera review is permitted by court rules in situations when privileged information might be contained in the records. Minn. R. Gen. Pract. 119.03 and 1997 cmts. The record shows that TLC received the

4

invoices in discovery, but had "not had a chance to complete" review of the documents prior to the date the summary-judgment submissions were due.

Next, TLC argues that the district court's determination that the attorney fees were reasonable was improper because that determination "was a jury question." TLC offers no legal support for this contention. The district court was careful to point out that TLC "[did] not point to any specific item of work as unreasonable" and that TLC "also [did] not point to any evidence suggesting that the value of the legal services provided to [NRR] are in way incommensurate with the time and labor required for the services or for fees customarily charged for such services." In other words, the district court properly determined that "[t]he reasonableness of attorney's fees is a question of fact to be determined by the evidence submitted," *Katz & Lange, Ltd. v. Beugen*, 356 N.W.2d 733, 735 (Minn. App. 1984) (quotation omitted), and concluded that TLC had failed to point to any evidence suggesting that the fees were unreasonable. The lack of any contention that the fees were unreasonable means that no genuine issue of material fact was brought forth by TLC.

TLC also argues that the attorney fees were unconscionable. But because the fees were not unreasonable they are *a fortiori* not unconscionable. *See Black's Law Dictionary* 1663 (9th ed. 2009) (defining "unconscionability" as "[e]xtreme unfairness").

TLC next argues that the district court improperly dismissed its claim for excessive assessments because, according to NRR's declarations, foreclosure had to be accomplished by judicial proceeding, and could not be done by advertisement. We disagree. NRR's bylaws indicate that it may foreclose its lien "by judicial proceedings *or*

by *sale of the unit* at public auction . . . in accordance with Minnesota Statutes Chapter *580*, 581, and 582." (Emphasis added.) Chapter 580 is foreclosure by advertisement. Minn. Stat. §§ 580.01-.30 (2014).

In its final argument related to the district court's grant of partial summary judgment, TLC contends that the district court erred by failing to apply Minn. Stat. § 582.01, subd. 1 (2014), which it contends would limit NRR's attorney fees. But Minn. Stat. § 515B.3-116(h)(4)(ii) (2014) specifically provides: "[I]n a foreclosure by advertisement under chapter 580, the foreclosing party shall be entitled to costs and disbursements of foreclosure and attorney[] fees authorized by the declaration or bylaws, *notwithstanding the provisions of section 582.01, subdivisions 1 and 1a*." (Emphasis added.)

### *Evidence admission*

TLC argues that the district court abused its discretion by denying admission of an item of evidence, which it calls "the Coloplast document." A district court's ruling regarding admission of evidence is reviewed for abuse of discretion. *Kroning v. State Farm Auto. Ins. Co.*, 567 N.W.2d 42, 45-46 (Minn. 1997) (quotation omitted). A new trial is warranted only in the event of prejudicial error. *Id.* at 46.

TLC failed to establish foundation for the document in question. The author of the letter did not testify. The President of NRR testified that he had no recollection of receiving such a letter. The person to whom the letter was sent did testify, but TLC failed to ask him if he had received the letter. Thus, when TLC's attorney offered the exhibit during the testimony of Childs—a person who had nothing to do with the letter other than

6

having received it as part of discovery—NRR objected as to foundation and the district court properly sustained the objection.

Second, refusal to admit the letter into evidence cannot be prejudicial because it does not stand for what TLC claims it stands for. TLC claims that the letter "show[s] that the excessive claims for attorney fees were made in an effort to put [TLC] in a position where [it] could not keep the property." The letter says no such thing; in fact, it recommends voting "no" on any proposal to foreclose upon TLC.

### *Jury instructions*

TLC contends that the district court erred in several of its jury instructions. A district court's choice of jury instructions is reviewed for abuse of discretion. *Hilligoss v. Cargill, Inc.*, 649 N.W.2d 142, 147 (Minn. 2002).

#### **Dissolution**

TLC first argues that the district court's jury instruction on the effect of NRR's temporary dissolution was error, making a vague claim that the jury should have been given the opportunity to determine "whether the [appellant's] rights were affected by the dissolution"—it does not specify to what rights it is referring. The district court determined that the dissolution had "no legal bearing on the facts of this case," and instructed the jury as such.

The district court's instruction accurately stated the law: a corporation that has been dissolved may be retroactively reinstated, and such a reinstatement "validates contracts or other acts within the authority of the articles." Minn. Stat. § 317A.827, subd.

2(2) (2014). The district court properly determined that whether the dissolution affected legal rights or obligations was a question of law, not of fact.

In contrast, TLC's proposed jury instruction misstated the law. First, it asserted that an administratively dissolved corporation "is dead." It is not. A corporation has "some status, an 'inactive status,' during the period of administrative dissolution." *Lyman Lumber Co. v. Favorite Constr. Co.*, 524 N.W.2d 484, 489 (Minn. App. 1994), *review denied* (Minn. Jan. 25, 1995). Second, TLC's proposed instruction omitted entirely any mention of subdivision 2 of section 317A.827, the most salient part of the statute.

### Reasonableness

TLC claims that "[b]y informing the jury that the court had concluded the attorney[] fees were reasonable, in effect, the court essentially directed a verdict that the attorney[] fees related to the foreclosure were proper." TLC provides no factual or legal support for this assertion. This argument is only speculation as to what the jury could have concluded. As such, there is no basis to conclude that the district court abused its discretion.

### Assessment

TLC contends that the district court's instruction regarding assessments was error. TLC first argues that the district court's use of the words "[appellant] assert that the assessments levied by [NRR] are invalid" is unduly conclusory because it effectively tells the jury that NRR made a valid assessment. But TLC has forfeited this argument. They did not voice any objection at the charging conference and they did not raise this

objection in its posttrial motions. A jury instruction is reviewable by an appellate court "only if there has been a motion for a new trial in which such matters have been assigned as error." *Estate of Hartz v. Nelson*, 437 N.W.2d 749, 752 (Minn. App. 1989), *review denied* (Minn. July 12, 1989).

Second, TLC argues that the instruction was error because the instruction "states that there is no procedure for assessing attorney[] fees[,] costs[,] or charges for services against the unit" and that, purportedly, there are "specific provisions indicating how assessments are to be made" which were not followed. However, TLC is referring to portions of the declarations that pertain to assessments for maintenance and operation (sections 6(c) and (e)), not for situations in which a tenant is in default and a lien is being foreclosed (section 6(g)). TLC fails to accurately interpret the declarations.

**Attorney authorized to make assessments**

TLC next argues that the jury instructions were improper because they suggested that NRR's attorney could make assessments for attorney fees. This argument contains no legal authority. "An assignment of error based on mere assertion and not supported by any argument or authorities . . . is waived and will not be considered on appeal unless prejudicial error is obvious on mere inspection." *In re Estate of Rutt*, 824 N.W.2d 641, 648 (Minn. App. 2012) (quotation omitted), *review denied* (Minn. Jan. 29, 2013). Error is not obvious on mere inspection.

**Suggested instructions not included**

TLC recites several pages of jury instructions that it proposed but were disallowed by the district court. In support of its assignment of error, TLC offers only a conclusory

9

sentence: "These instructions were proper based upon the evidence in this case." TLC does not attempt to show why the district court's reasons for excluding them were incorrect or attempt to establish that failure to include the instructions was prejudicial. "[R]eversal is not required unless the error in the instructions was prejudicial . . . ." *Lewis v. Equitable Life Assurance Soc'y of the U.S.*, 389 N.W.2d 876, 885 (Minn. 1986). TLC offers no reason why the district court abused its discretion such that a new trial is warranted.

***Waiver of counterclaim***

TLC next argues that NRR waived its counterclaim for attorney fees, stating that "because [NRR] did not litigate this claim before the jury [it] waived the counterclaim." TLC materially mischaracterizes the precedent on which it relies.

TLC cites *United Prairie Bank-Mountain Lake v. Haugen Nutrition & Equip., LLC*, 813 N.W.2d 49 (Minn. 2012), for the proposition that there "must" be a jury trial regarding a claim for recovery of attorney fees. But *United Prairie Bank* states that a party seeking attorney fees has is "entitled to a jury trial." *Id.* at 63. It does not say that one is required.

***Assessment against TLC of $83,236***

TLC next argues that the district court erred by concluding that NRR could assess TLC for $83,236. TLC provides no legal support for this argument, and it is thus waived. *See Rutt*, 824 N.W.2d at 648.

10

*Attorney fees*

TLC next argues that the district court erred by denying its posttrial request for attorney fees. A district court's award or denial of attorney fees is reviewed for an abuse of discretion. *Becker v. Alloy Hardfacing & Eng'g Co.*, 401 N.W.2d 655, 661 (Minn. 1987). As the basis for its requested award of attorney fees, TLC cites Minn. Stat. § 317A.467 (2014), which states:

> If a corporation or an officer or director of the corporation violates this chapter, a court in this state, in an action brought by at least 50 members with voting rights or *ten percent* of the members with voting rights, whichever is less, . . . may grant equitable relief it considers just and reasonable in the circumstances and award expenses, including attorney fees and disbursements, to the members.

(Emphasis added.) TLC has only an 8.67% interest in the property, and thus this section is inapplicable. Given that TLC's asserted legal authority is inadequate, we cannot conclude that the district court abused its discretion.

*Equitable relief*

TLC contends that the district court "abused its discretion in failing to provide relief to the appellant[s] based on the jury finding of misconduct on the part of the board."

This claim is waived for two reasons. First, TLC provides no legal support for its argument. *See Rutt*, 824 N.W.2d at 648. Second, this argument was never made before the district court, not even in TLC's motion for a new trial. We do not review claims never brought before the district court. *Thiele*, 425 N.W.2d at 582.

11

*Prevailing party*

TLC next argues that it was the prevailing party in the litigation below, and thus it is entitled to attorney fees and costs under Minn. Stat. § 515B.4-116(b) (2014), which provides that "[t]he court may award reasonable attorney fees and costs of litigation to the prevailing party." The district court determined that TLC was not the prevailing party. The district court has discretion to determine which party is considered prevailing. *Posey v. Fossen*, 707 N.W.2d 712, 714 (Minn. App. 2006). Many factors influence which party is considered the prevailing party. *Id.* at 714-15. We review such a determination for an abuse of discretion. *Id.* at 714.

The district court engaged in a thorough and well-cited analysis as to why TLC was not the prevailing party, noting, for example, that its net gain following trial was below zero (TLC was awarded $4,500 but ordered to pay $83,236). The district court did not abuse its discretion in determining that NRR was the prevailing party.

*(NRR cross-appeal) Reduction in attorney fees*

NRR argues that the district court erred in reducing its attorney fees by about 40% from a requested $136,397 to an awarded $83,236. Appellate courts "review an award of attorney fees for an abuse of discretion." *Green v. BMW of N. Am., LLC*, 826 N.W.2d 530, 534 (Minn. 2013).

The district court reduced NRR's requested attorney fees because the requested fees were "not reasonable in relation to the amount involved in this case." The district court stated that $81,000 was the sum that was "fairly viewed as the amount involved in

12

this case," and that NRR's request was out of proportion to this amount. While the district court found that several factors favored the reasonableness of NRR's requested amount, it cited precedent that "the amount of the award should be in reasonable relation to the amount of the judgment secured." *Northwest Wholesale Lumber, Inc. v. Citadel Co.*, 457 N.W.2d 244, 251 (Minn. App. 1990).

NRR expresses its argument as follows, made without any reference to legal authority: "This one negative factor, among a whole host of positive factors, cannot justify a 40% reduction in fees." This is not necessarily so. NRR seems to view the factors considered as uniform chips, which must all be given equal weight. But the weight and importance to be given to the factors considered is within the district court's discretion. The fairest reading of the district court's order is that it acknowledged that many factors supported NRR's request, but found that significant weight needed to be given to the amount requested relative to the amount in controversy.

The caselaw cited by the district court supports its position, and NRR fails to persuasively argue against it. In *Northwest Wholesale Lumber*, an award of attorney fees was cut in half when the original awarded amount exceeded the amount secured. *Id.* In *Asp v. O'Brien*, an award was reduced by more than half—$2,400 to $1,000. 277 N.W.2d 382, 385 (Minn. 1979). Particular language in *Asp* supports what the district court did here:

> Although we do not believe that the fees awarded were excessive, either in terms of the number of hours billed or the amount charged per hour, we are not inclined to allow the award of the full amount, particularly where the amount of the lien recovered is small in comparison to the attorney's

13

> fees assessed. This is especially true in a case such as this where the property owner was successful in partially limiting the amount of recovery.

*Id*. TLC did have a small measure of success in litigating its claims.

The district court did not abuse its discretion in reducing NRR's award of attorney fees.

**Affirmed.**